OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Nationwide Mutual Fire Insurance Company, appeals from a March 1, 2004 judgment entry of the Geauga County Court of Common Pleas, granting the motion to stay of appellee, Mary J. Modroo, individually and as administrator and personal representative of the estate of Mamie J. Hardy ("Mamie"), deceased. The trial court stayed the proceedings pending the disposition of case number DV-03-620 in the Montana Fourth Judicial District Court, Missoula County, Montana. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. In February 2003, Mamie, a student and employee of the University of Montana, was injured in an automobile accident in Montana. The accident was due to the negligent driving of her boyfriend, Lemaire. She was a passenger in the car and died as a result of her injuries.
 {¶ 3} At the time of the accident, appellee, Mamie's mother and an Ohio resident, was insured under a farmowner's insurance policy issued by Nationwide Agribusiness Insurance Company, an Iowa subsidiary of Nationwide Insurance Company. Appellee was also insured under an automobile policy issued by appellant, an Ohio based insurance company.
 {¶ 4} After Mamie's death, appellee and Cassius Hardy, Mamie's father and a California resident, decided to probate her estate in Montana. On July 28, 2003, appellee filed a wrongful death action in the Montana Fourth Judicial District Court against Lemaire, appellant, and Nationwide Agribusiness Insurance Company, under case number DV-03-620. Appellee's action sought compensation from Lemaire, who had an insurance coverage limit of $50,000. The action also sought compensation from the underinsured motorist coverage provided by both the farmowner's policy and appellant's automobile policy.
 {¶ 5} While the Montana wrongful death action was still pending, appellant filed two separate complaints for declaratory judgment with the Geauga County Court of Common Pleas. First, on August 19, 2003, appellant filed its initial complaint for declaratory judgment under case number 03 M 804. The August 19, 2003 declaratory judgment action concerned coverage under the farmowner's policy. Shortly thereafter, on November 1, 2003, appellant filed its second complaint for declaratory judgment under case number 03 M 1141. The November 1, 2003 declaratory action was the origination of the current appeal and it requested various declarations with respect to appellant's automobile policy coverage.
 {¶ 6} Appellee filed a motion to dismiss or stay the August 19, 2003 declaratory action. On October 29, 2003, the trial court stayed the August 19, 2003 declaratory judgment, pending the disposition of case number DV-03-620 in Montana. From this judgment, appellant filed a timely appeal, and we affirmed the court's October 29, 2003 stay in NationwideMut. Fire Ins. Co. v. Modroo, 11th Dist. No. 2004-G-2557, 2004-Ohio-4697
("Nationwide I").
 {¶ 7} Prior to our decision in Nationwide I, appellee also filed a motion to dismiss or stay the November 1, 2003 declaratory action. The trial court issued a March 1, 2004 judgment entry which stayed the November 1, 2003 declaratory action, pending the disposition of case number DV-03-620 in Montana.
 {¶ 8} While our decision in Nationwide I was still forthcoming, appellant filed a timely notice of appeal from the March 1, 2004 stay and now sets forth the following assignment of error:
 {¶ 9} "The trial court erred [to] the prejudice of plaintiff-appellant by staying this action pending resolution of the Montana action."
 {¶ 10} We will first set forth the appropriate standard of review. When determining whether a trial court has properly ruled upon a motion to stay the proceedings, the standard of review is whether the order constitutes an abuse of discretion. Zachary v. Crocket Homes, Inc., 5th Dist. No. 2003CA00131, 2003-Ohio-5237, at ¶ 15. "The term `abuse of discretion' implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 11} Appellant's sole assignment of error presents three separate issues for our review. First, appellant contends that Ohio's priority of jurisdiction rule is inapplicable between courts of different states; instead, appellant claims that the legal principles of comity and forum non conveniens apply. Next, appellant argues that the legal principles of comity and forum non conveniens require a trial court to maintain the action rather than issuing a stay because, in this case, the stay may be converted into a dismissal. Finally, appellant maintains that appellee has waived her right to seek a stay of this action based upon her agreement to a consent judgment entry and acceptance of a $250,000 payment.
 {¶ 12} At the outset, we note that the first two issues of the instant appeal attempt to relitigate issues, between the same parties, which were previously determined in Nationwide I. Accordingly, the first two issues presented by appellant are barred by collateral estoppel.
 {¶ 13} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Twp.,73 Ohio St.3d 379, 380, 1995-Ohio-331. The theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. Laskov. Gen. Motors Corp., 11th Dist. No. 2002-T-0143, 2003-Ohio-4103, at ¶ 16.
 {¶ 14} "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava at 382. Res judicata "applies to extinguish a claim by the plaintiff against the defendant even though plaintiff is prepared in the second action (1)To present evidence or grounds or theories of the case not presented inthe first action, or (2) To seek remedies or forms of relief not demandedin the first action." (Emphasis sic and citation omitted.) Id. at 383.
 {¶ 15} Collateral estoppel, an aspect of res judicata, prevents an issue that has been actually and necessarily determined by a court of competent jurisdiction in a first cause of action from being relitigated between the same parties or their privies in a second, different cause of action. Lasko at ¶ 15. See, also, Goodson v. McDonough Power Equip.,Inc. (1983) 2 Ohio St.3d 193, 195. Based upon the theory of collateral estoppel, appellant's first two issues presented for review fail.
 {¶ 16} Here, appellant attempts to demonstrate that the court's March 1, 2004 stay was an abuse of discretion because Ohio's priority of jurisdiction rule is inapplicable and because the legal principles of comity and forum non conveniens required a denial of the stay. Appellant also argues that a denial of the stay was necessary to preclude the dismissal of this matter.
 {¶ 17} In Nationwide I, this court addressed the identical issues, between the same parties, to determine whether the court's August 19, 2003 stay was an abuse of discretion. Specifically, the issues before us in Nationwide I were as follows:
 {¶ 18} "Appellant presents two issues for our review. First, appellant alleges that Ohio's priority of jurisdiction rule does not apply between courts of different states but rather the principles of comity and forum non conveniens apply. Appellant also contends that the legal principle of comity and forum non conveniens require a trial court to maintain the action rather than issuing a stay because the facts in this matter can convert the stay into a dismissal." Id. at ¶ 10.
 {¶ 19} In Nationwide I, we first determined that Ohio's priority of jurisdiction rule was inapplicable because courts from two separate states had concurrent jurisdiction. Id. at ¶ 12, (holding that the rule of priority jurisdiction "applies to actions pending in different Ohio courts that have concurrent jurisdiction, but it does not apply when an action is pending in another state as in this case"). But we further concluded that, as a matter of comity, a court of one state may stay a proceeding pending before it when a case involving the same subject matter and the same parties is pending in a court of another state. Id. at ¶ 15.
 {¶ 20} We also determined that the doctrine of forum non conveniens should not be applied to proceed with litigation of the issues raised in Ohio since the facts demonstrated that venue in Ohio would not further the ends of justice and promote the convenience of the parties and witnesses. Id. at ¶ 17. In doing so, we concluded:
 {¶ 21} "[Mamie] was injured in an automobile accident that occurred in Montana; she died in Montana; she was living in Montana while attending school; she worked in Montana; appellee filed the complaint in Montana; most if not all of the witnesses and evidence are located in Montana; and the case involves parties not only from Ohio, but also from California, Iowa, and Montana. Thus, the trial court did not abuse its discretion in staying the action because in the interests of comity, there is a case pending in Montana." Id. at ¶ 18.
 {¶ 22} Finally, we determined that the court's grant of the stay did not result in a dismissal of the declaratory action. Id. at ¶ 19.
 {¶ 23} Based upon the foregoing, it is clear that collateral estoppel prevents appellant from relitigating issues that were resolved inNationwide I. The instant appeal involves the same parties, presents identical issues for review, and the relevant facts are duplicative. Although Nationwide I stemmed from a separate declaratory judgment complaint, the instant appeal originated from the same transaction or occurrence that was the subject matter of Nationwide I. Thus, collateral estoppel bars appellant from relitigating the first two issues presented for review, and these issues are not well-taken.
 {¶ 24} Despite our determination that appellant's first two issues are barred by collateral estoppel, the third issue presents additional facts and a novel question not previously litigated. Accordingly, appellant's third issue is not barred by collateral estoppel. See, e.g., ChagrinFalls v. Geauga Cty. Bd. of Commrs., 11th Dist. No. 2003-G-2530,2004-Ohio-5310, at ¶ 44.
 {¶ 25} Appellant's third issue for review argues that appellee's actions have waived her right to seek a stay. Specifically, appellant states that appellee agreed to a consent judgment entry which resulted in a payment of $250,000 to appellee. Appellant concludes that because appellee has availed herself of this forum, to her benefit, she is precluded from contesting the court's ability to adjudicate this matter.
 {¶ 26} An examination of the record demonstrates that on January 15, 2004, a consent judgment entry signed by appellant, appellee, and the trial court judge was filed in the lower court. The consent judgment entry stated that a check in the amount of $250,000 was to be issued to appellee. These funds originated from appellant. However, the consent judgment entry further stated, "this judgment entry does not waive any of the parties' arguments and/or claims, including, but not limited to, any arguments and/or claims as to jurisdiction in any court and/or coverage or the amount of coverage under any policy."
 {¶ 27} Although appellee agreed to the terms of the consent judgment entry, the language of such entry specifically precludes the waiver ofany future arguments or claims made by appellee. Thus, notwithstanding appellee's acceptance of the $250,000 payment, the consent judgment entry preserves her right to file a motion to dismiss or stay the proceedings. There simply was no waiver. Appellant's third issue for review is not well-taken.
 {¶ 28} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., O'Neill, J., concur.