DECISION. *Page 2 
{¶ 1} Plaintiff-appellant Samuel Watts has appealed from the trial court's entry granting relief from judgment under Civ.R. 60(B) to defendant-appellee Forest Ridge Apartments and Town Homes ("Forest Ridge").[1]
 {¶ 2} On August 16, 1999, Watts was injured after falling through a railing at his mother's apartment. His mother resided in an apartment at Forest Ridge. On August 16, 2001, Watts sued Forest Ridge for negligence, and he served his complaint by certified mail on Forest Ridge Apartments and Town Houses (not "Town Homes").[2] When no answer was filed, Watts investigated and discovered that Forest Ridge was owned by a company known as Forest Ridge/Hamilton L.P. This company had a recorded address in Mississippi. Watts attempted service several times on Forest Ridge/Hamilton L.P., but it was returned unclaimed. Watts further issued service to Michael Fletcher, an attorney listed as the registered agent for Forest Ridge/Hamilton L.P. But Fletcher denied any interest in Forest Ridge and stated that he was not a statutory agent for the entity.
 {¶ 3} Watts filed an amended complaint adding a claim for loss of consortium on behalf of his mother, Benita Pennington. But the amended complaint failed to name Pennington as a plaintiff in the action. Nor was the complaint amended to reflect the defendant's correct name.
 {¶ 4} Forest Ridge never answered Watts' complaint, and the trial court granted Watts' motion for a default judgment on March 19, 2004. After an evidentiary hearing, Watts was awarded damages of $14,287,002, an amount significantly higher than the approximately $3 million that he had demanded. *Page 3 
 {¶ 5} Following the award of damages, Forest Ridge responded for the first time. On July 1, 2005, it filed a motion asking the trial court to declare the judgment against it void ab intitio, or, in the alternative, seeking relief from the judgment under Civ.R. 60(B). The trial court granted the Civ.R. 60(B) motion for relief from the judgment, determining in its findings of fact and conclusions of law that Forest Ridge was entitled to relief under Civ.R. 60(B)(1) and (5). The trial court also concluded that Pennington's claim for loss of consortium was not a valid cause of action.
 An Appropriate Grant of Relief from Judgment {¶ 6} In his first and fourth assignments of error, Watts argues that the trial court erred in granting Forest Ridge's Civ.R. 60(B) motion for relief from the default judgment.
 {¶ 7} To be entitled to relief under Civ.R. 60(B), a "movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. "[3]
 {¶ 8} We review a trial court's grant of relief under Civ.R. 60(B) for an abuse of discretion.[4] An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. "[5]
 {¶ 9} The trial court did not abuse its discretion in determining that Forest Ridge had a meritorious defense to present if relief was granted. We note that a *Page 4 
defendant need only allege a meritorious defense, not prove that it will ultimately prevail on that defense.[6] Forest Ridge alleged that it had not been properly served with notice of this action. In support, Forest Ridge argued that Watts' complaint failed to correctly identify the defendant in the case, and that despite learning the defendant's true identity, Watts never amended his complaint accordingly. Forest Ridge further relied on the fact that Watts' attempts at service on Forest Ridge/Hamilton L.P. were unsuccessful. In response, Watts argued that Forest Ridge was properly served under its fictitious name.[7]
But for purposes of this appeal, we are not required to determine the validity of Forest Ridge's assertion about lack of notice. Forest Ridge needed only to provide operative facts to support the alleged defense, and it sufficiently did so.[8]
 {¶ 10} Forest Ridge also alleged that the damages awarded were partially based on Benita Pennington's claim for loss of consortium, which, it argued, was not a cognizable cause of action. As we later explain in detail, Forest Ridge was correct in this assertion, and it sufficiently alleged operative facts in support of this defense.
 {¶ 11} Nor did the trial court abuse its discretion in determining that Forest Ridge was entitled to relief under Civ.R. 60(B)(5). This section is a "catch-all" provision, and it provides that relief may be granted for "any other reason justifying relief from the judgment."[9]
 {¶ 12} Watts was awarded over $14 million in damages, despite requesting only approximately $3 million in an evidence statement filed with the trial court. It is an understatement at the least to say that Watts received a generous windfall. Considering that it is preferential for cases to be decided on their merits, and because relief should be granted where "the amount of the judgment taken by default is substantial in *Page 5 
comparison with any resulting prejudice,"[10] we conclude that Forest Ridge was entitled to relief under Civ.R. 60(B)(5).
 {¶ 13} The trial court also determined that Forest Ridge was entitled to relief under Civ.R. 60(B)(1), which provides that relief may be granted because of "mistake, inadvertence, surprise or excusable neglect."[11] But because we have already concluded that Forest Ridge was entitled to relief under Civ.R. 60(B)(5), we need not resolve whether the trial court correctly determined that relief was appropriate under subsection (B)(1).
 {¶ 14} And we further conclude that Forest Ridge filed its motion for relief from judgment within a reasonable time. The trial court first entered a default judgment on March 19, 2004, but it did not enter an award of damages until September 14, 2004. Forest Ridge filed its motion for relief on July 1, 2005. Considering that Forest Ridge did not know the amount of damages that it was seeking relief from until September of 2004, and that its motion for relief was filed approximately ten months later, we conclude that the motion was timely filed both under Civ.R. 60(B)(5) and under the stricter requirement pertaining to relief sought under Civ.R. 60(B)(1).
 {¶ 15} The trial court properly granted Forest Ridge relief from the default judgment, and Watts' first and fourth assignments of error are overruled.
 Suggestion of Incompetency {¶ 16} In his second assignment of error, Watts argues that the trial court erred in overruling a Civ.R. 25 motion for suggestion of incompetency filed by counsel on his behalf. Watts asserts that because the trial court failed to rule on the motion, it was presumptively overruled.[12] *Page 6 
 {¶ 17} Watts' argument is misplaced. The suggestion of incompetency was not a motion. It was, as titled, a suggestion. It was filed to provide Forest Ridge and the court with notice that Watts intended to raise the issue of competency. The plain language of Civ.R. 25 supports our conclusion.
 {¶ 18} Civ.R. 25(E) provides that "[u]pon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party." Civ.R. 25(A) further provides that, following the suggestion of death or incompetency, a motion for substitution of parties must be filed within 90 days. Such a motion must include a statement of the fact of the incompetency. Although a suggestion of incompetency was filed, Watts did not file the necessary motion for substitution pursuant to Civ.R. 25(A). Because the suggestion of incompetency was not a motion, the trial court could not have issued a ruling on it, and Watts' argument has no merit.
 {¶ 19} Watts also argues in this assignment of error that the trial court erred in overruling his "motion to stay proceedings subject to application for appointment of guardian." The trial court never explicitly issued a ruling on this motion, and Watts again argues that it was presumptively overruled. Watts filed this motion shortly before filing the suggestion of incompetency. We review a trial court's ruling on a motion to stay proceedings for an abuse of discretion.[13]
Because Watts did not provide any evidence to support a finding of incompetency, we cannot conclude that the trial court abused its discretion in denying Watts' motion to stay the proceedings.
 {¶ 20} Consequently, Watts' second assignment of error is overruled. *Page 7 
 Loss of Consortium {¶ 21} In his third assignment of error, Watts argues that the trial court erred in dismissing the claim for loss of consortium brought on behalf of his mother, Benita Pennington. Watts is incorrect.
 {¶ 22} Watts was 18 years old at the time of his accident. He was not a minor. This court has previously held that "Ohio recognizes a cause of action only for the loss of a minor child's filial consortium and services. This cause of action has not been extended by Ohio courts to the parents of adult children. The rationale * * * is that parents bear a natural and legal burden of care for minor children, but not for adult children."[14] We continue to adhere to this view. It is undisputed that Watts was not a minor at the time of his accident, and, therefore, his mother could not bring forth a claim for the loss of his consortium.
 {¶ 23} Moreover, Benita Pennington was not a named plaintiff in this action. The original complaint named Samuel Watts and Ronald Brock as plaintiffs. Brock later voluntarily dismissed all of his claims. Watts' amended complaint contained a claim for loss of consortium on behalf of his mother, but it failed to name Pennington as a plaintiff. Accordingly, the trial court lacked jurisdiction to grant any judgment in her favor.[15]
 {¶ 24} Watts' third assignment of error is overruled, and, accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
PAINTER, P.J., AND HILDEBRANDT, J., CONCUR.
[1] The defendant-appellee's correct name is Forest Ridge/Hamilton L.P. But this litigation was commenced under its fictitious name, Forest Ridge Apartments and Town Homes.
[2] The complaint also named Ronald Brock as a plaintiff in this action. But Brock has voluntarily dismissed all claims brought forth on his behalf.
[3] GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
[4] See Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107,637 N.E.2d 914.
[5] Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199.
[6] See Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564.
[7] See Family Medicine Found. v. Bright, 96 Ohio St.3d 183,2002-Ohio-4034, 772 N.E.2d 1177, ¶ 10.
[8] See Caldwell v. Alston (Oct. 2, 1996), 1st Dist. No. C-950688.
[9] Civ.R. 60(B)(5)
[10] Antonopoulos v. Eisner (1972), 30 Ohio App.2d 187, 199,284 N.E.2d 194.
[11] Civ.R. 60(B)(1).
[12] See Newman v. Al Castrucci Ford Sales (1988), 54 Ohio App.3d 166,561 N.E.2d 1001.
[13] See Nationwide Mutual Fire Ins. Co. v. Modroo, 11th Dist. No. 2004-G-2564, 2005-Ohio-2063, ¶ 10.
[14] Cole v. Broomsticks, Inc. (1995), 107 Ohio App.3d 573, 577,669 N.E.2d 253 (internal citations omitted).
[15] See Savage v. Goda (Oct. 26, 2000), 8th Dist. Nos. 77473 and 77486. *Page 1