[Cite as *Engelhart v. Bluett*, 2016-Ohio-7237.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARK ENGELHART, | : | APPEAL NO. C-160189 |
| | | TRIAL NO. A-1306335 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BRENT BLUETT, | : | |
| Defendant, | : | |
| and | : | |
| GRANGE INSURANCE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 7, 2016

*Cetrulo, Mowery & Hicks, PSC*, and *T. Lawrence Hicks*, for Plaintiff-Appellee,

*Rendigs, Fry, Kiely & Dennis, LLP, Jonathan P. Saxton* and *James J. Englert*, for Defendant-Appellant.

**FISCHER, Presiding Judge.**

{¶1} Defendant-appellant Grange Insurance, whose actual name is Grange Mutual Casualty Company ("GMCC"), appeals from a decision of the Hamilton County Court of Common Pleas overruling its Civ.R. 60(B) motion for relief from a default judgment. We find merit in GMCC's arguments, and we, therefore, reverse the trial court's judgment and remand the cause for further proceedings.

{¶2} The record shows that plaintiff-appellee Mark Engelhart was severely injured in an accident caused by Brent Bluett. He originally filed a complaint naming only Bluett as a defendant. Bluett's insurance paid the $15,000 limits of the policy and Bluett also contributed $25,000. But Engelhart's damages exceeded that amount.

{¶3} The trial court granted Engelhart leave to file an amended complaint against GMCC, his own insurance carrier, seeking to recover under the uninsured/underinsured-motorist coverage. The caption of the amended complaint listed "Grange Insurance" as a defendant. "Grange Insurance" is a trade name of GMCC. Nevertheless, the body of the amended complaint referred to "Grange Mutual Casualty Company."

{¶4} Engelhart served Grange's statutory agent, CT Corporation System ("CT"). The record shows that CT received service on May 21, 2015. Eight days later, CT sent a letter to Engelhart's counsel, which stated:

> Our records indicate that we represent more than one entity beginning with the name: (Grange Insurance). In order that we may properly process the enclosed documents(s), we must be provided with the full name of the entity for which it is intended. Should you make this

determination, please note the full name of the entity on the envelope, return the document(s) to us and we will be glad to forward it on.

{¶5} As the letter had requested, Engelhart's counsel mailed the appropriate documents and wrote the name "Grange Mutual Casualty Company" on the return envelope supplied by CT. He received no response until June 18, 2015, when CT sent a letter incorrectly stating that it was not the statutory agent "for an entity by the name of Grange Mutual Casualty Company."

{¶6} When GMCC did not respond to the complaint, Engelhart filed a motion for a default judgment, which the trial court granted. The court held a hearing on damages. Evidence at the hearing showed that Engelhart had incurred medical bills of $31,598.68 and had continued pain and suffering due to his injuries. Bluett's insurance carrier had paid $15,000, the limits on his policy, and Bluett had paid $25,000 out of his personal funds. At the time of the accident, Engelhart had $250,000 of underinsured-motorist coverage under his policy with GMCC. The court determined that Engelhart had damages exceeding $250,000. Because he had received $40,000 from Bluett and his insurer, the court awarded judgment against GMCC in the amount of $210,000. The court journalized its findings on August 27, 2015.

{¶7} On October 15, 2015, GMCC filed a Civ.R. 60(B) motion for relief from judgment in which it argued that "Grange Insurance" was not a legal entity that could be sued and that it had never received service of the amended complaint. Following a hearing, the trial court overruled GMCC's motion. It also journalized an "Agreed Amended Judgment" to correct the "clerical error, referencing Grange Insurance rather than Grange Mutual Casualty Company." This appeal followed.

{¶8} GMCC presents two assignments of error for review. In its first assignment of error, GMCC contends that the trial court erred in granting a default judgment against it because the court lacked jurisdiction over it. It argues that service on a legal entity is not obtained where the complaint names a fictitious entity or trade name and summons is directed to a statutory agent for the fictitious entity or trade name when the legal entity is known to plaintiff or readily discoverable. This assignment of error is not well taken.

{¶9} R.C. 1329.10(C) provides that "[a]n action may be commenced or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported in compliance with R.C. 1329.01 of the Revised Code." R.C. 1309.01(A)(2) defines a "fictitious name" as a "name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name."

{¶10} The purpose of R.C. 1329.10 is to encourage the registration and reporting of fictitious names with the state. *Family Med. Found., Inc. v. Bright*, 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177, ¶ 10. Thus, the Ohio Supreme Court held in *Family Med. Found.* that "we believe that the General Assembly intended for R.C. 1329.10(C) to allow suit to be brought against a fictitious party named only by its fictitious name." *Id.* It stated that it agreed with the statement that a defendant should not be allowed "to profit by the confusion resulting from its having done business under a fictitious name." *Id.* at ¶ 11, quoting *Zinn v. Pine Haven, Inc.*, 5th Dist. Tuscarawas No. 1578, 1982 Ohio App. LEXIS 14133, *4 (Aug. 12, 1982).

{¶11} GMCC relies upon *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574, 589 N.E.2d 1306 (1982), in which the Supreme Court stated that if the

defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void. But we do not find *Patterson* to be dispositive. The court in *Family Med. Found.* stated that "[t]he *Patterson* decision did not mention R.C. 1329.10(C). Because the holding that we reach in the instant case is based on that statute, we decline to apply *Patterson*." *Family Med. Found.* at ¶ 13. Therefore, Engelhart could sue GMCC under its trade name, Grange Insurance.

{¶12} Further, while GMCC was referred to in the caption as Grange Insurance, it was referred to in the body of the complaint by the correct name three times. The caption of the case is not controlling. It is the substance of a pleading that determines its operative effect. *Ellis v. Ge*, 1st Dist. Hamilton No. C-990775, 2000 Ohio App. LEXIS 4471, *9 (Sept. 29, 2000). Courts can look to the body of the complaint to determine the parties to the complaint. *See Auer v. Paliath*, 2d Dist. Montgomery No. 27004, 2016-Ohio-5353, ¶ 43; *Briggs v. Wilcox*, 8th Dist. Cuyahoga No. 98364, 2013-Ohio-1541, ¶ 37; *Shelton v. LTC Mgmt. Servs.*, 4th Dist. Highland No. 03CA10, 2004-Ohio-507, ¶ 7. Thus, even if we were to apply *Patterson*, the complaint as a whole shows that Engelhart named the proper party. The clerical error in the caption did not deprive the court of jurisdiction. We, therefore, overrule GMCC's first assignment of error.

{¶13} In its second assignment of error, GMCC contends that the trial court erred in overruling its Civ.R. 60(B) motion to set aside the default judgment. It argues that because of Engelhart's incorrect naming of the party being sued, it never received actual notice of the suit, and that it met all the requirements of Civ.R. 60(B). We agree with the second part of GMCC's argument, and we find that this assignment of error is well taken.

5

{¶14} First, we note that if service was not proper, then a Civ.R. 60(B) motion would have been unnecessary. The judgment would have been void. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus; *In re Crabtree*, 1st Dist. Hamilton No. C-010290, 2002 Ohio App. LEXIS 1156, *4-5 (Mar. 15, 2002). Courts will presume service to be proper in cases where the civil rules are followed, unless the defendant rebuts the presumption by sufficient evidence. *Crabtree* at *5.

{¶15} In this case, Engelhart served the complaint on GMCC's statutory agent as required by Civ.R. 4.2(F). GMCC's argument centered on the letter sent by its statutory agent. Though CT claimed it was not the statutory agent, the record shows that that statement was incorrect. The record as it stands before this court shows that the statutory agent clearly received service, and GMCC failed to rebut the presumption that service was proper. *See Denittis v. Aaron Constr., Inc.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶ 33-34; *Eckstein v. Cummins*, 41 Ohio App.2d 1, 5-6, 321 N.E.2d 897 (6th Dist.1974). Therefore, the judgment was not void for lack of service.

{¶16} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and the motion is timely made. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 35. The decision whether to grant relief from judgment lies within the trial court's discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Kell* at ¶ 35.

6

{¶17} As to timeliness, GMCC filed its Civ.R. 60(B) motion 15 days after learning about the default judgment. There is no dispute that its motion was timely filed. *See Kell* at ¶ 43; *Heard v. Dubose*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, ¶ 26-27; *Miami Sys. Corp. v. Dry Cleaning Computer Sys.*, 90 Ohio App.3d 181, 185, 628 N.E.2d 122 (1st Dist.1993).

{¶18} GMCC sought relief from judgment under Civ.R. 60(B)(1), which allows relief from judgment for "mistake, inadvertence, surprise or excusable neglect." Courts have defined excusable neglect in the negative, stating that a defendant's inaction is not excusable neglect when it shows a complete disregard for the judicial system or its falls substantially below what is reasonable under the circumstances. *State ex rel. Jackson v. Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 25; *Heard* at ¶ 19. A determination of excusable neglect depends on the facts and circumstances of each case. *Heard* at ¶ 19.

{¶19} Further, "[t]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed." *Id.* at ¶ 20, quoting *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 582, 607 N.E.2d 914 (4th Dist.1992). Default judgments are not favored in the law. Cases should be decided on their merits rather than on technical grounds. *GTE Automatic Elec.*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph three of the syllabus; *Heard* at ¶ 20. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Miami Sys. Corp.* at 185, quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 13, 371 N.E.2d 214 (1978).

7

{¶20} This court has held that excusable neglect occurred when service was properly made on a corporation, but a corporate employee failed to forward the summons and complaint to the appropriate person. *Heard*, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, at ¶ 24. Similarly, in this case, CT, GMCC's agent, through mistake and inadvertence, failed to forward the complaint to GMCC. Its conduct did not rise to the level of a complete disregard for the judicial system or fall substantially below what was reasonable under the circumstances. Consequently, we hold that GMCC demonstrated excusable neglect.

{¶21} A defendant need only allege a meritorious defense, not prove that it will ultimately prevail on that defense. *Rose Chevrolet*, 36 Ohio St.3d at 20, 520 N.E.2d 564; *Watts v. Forest Ridge Apts. & Town Homes*, 1st Dist. Hamilton No. C-060079, 2007-Ohio-1176, ¶ 9. Though the movant need not present evidence to support the defense, he or she must specifically allege operative facts that would warrant the relief requested. *Rose Chevrolet* at 20; *Madison Designs v. Fifth Third Bank*, 1st Dist. Hamilton No. C-970181, 1998 Ohio App. LEXIS 1906, *8-9 (May 1, 1998).

{¶22} In its motion before the trial court, GMCC's primary argument was that Engelhart had not sued the proper party, an argument which we have found meritless. Nevertheless, it also argued that Engelhart's complaint was not timely filed. It pointed to policy language stating that any suit against it for uninsured/underinsured-motorist coverage "will be barred unless commenced within 3 years * * * after the date of the accident causing the bodily injury."

{¶23} According to the complaint, the accident arguably occurred on May 20, 2011, but the amended complaint was not filed until May 13, 2015. Courts have sometimes upheld certain types of time limitations in uninsured/underinsured

policies. *See Barbee v. Nationwide Mut. Ins. Co.*, 130 Ohio St.3d 96, 2011-Ohio-4914, 955 N.E.2d 995, ¶ 45; *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, ¶ 20-21. However, we need not determine whether this defense will be successful. GMCC needed only to provide sufficient operative facts to support the alleged defense, and it did so. *See Watts*, 1st Dist. Hamilton No. C-060079, 2007-Ohio-1176, at ¶ 9.

{¶24} Because GMCC met all the requirements for the granting of its Civ.R. 60(B) motion, we hold that the trial court erred in denying that motion. We sustain GMCC's second assignment of error, reverse the trial court's judgment, and remand the cause for further proceedings.

Judgment reversed and cause remanded.

**HENDON** and **MOCK, JJ.,** concur.

Please note:

    The court has recorded its own entry this date.