LISBON DIESEL AND SUPPLY, INC., PLAINTIFF-APPELLANT, v. CLEMENT, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Columbiana County.

No. 828. Decided May 2, 1963.

Messrs. Kennedy & Beck, for plaintiff-appellant.
Mr. William L. Bush, for defendant-appellee.

Brown, J. Plaintiff-appellant on February 7, 1958, sold to defendant-appellee a J. I. Case Highlift Tractor for $10,721.-52, accepting therefor a down payment, and an installment note, secured by a chattel mortgage, and containing a cognovit provision. In due course the vendee voluntarily redelivered the chattel to the vendor who sold it, without giving the notice described in Section 1319.07, Revised Code, and then took judgment by confession against the defendant for the deficiency.

Defendant moved to vacate and answered, alleging that the judgment was for a deficiency and could not be taken in the absence of the notice to mortgagor required by Section 1319.07, Revised Code.

Plaintiff, in reply, denied that it repossessed and sold the tractor as alleged by the defendant, and further said that the sale was made by it at the request of and with the knowledge and consent of the defendant and for his benefit.

At trial the court directed a verdict for the defendant at the close of all the evidence. There was no real issue of disputed fact under these pleadings.

The nature of the transaction is admitted, and that the action was for a deficiency and was upon the obligation secured by the chattel mortgage. Such action cannot be maintained unless the mortgagee complies with Section 1319.07, Revised Code.

The mere fact that the vendee—chattel mortgagor voluntarily redelivered the chattel to the mortgagee and knew that it was being resold does not take the transaction out of the statute. The word "repossession" as used in this statute includes repossessions which are agreeable to the vendee as well as those which are not.

Plaintiff-appellant presented evidence that after the redelivery there was a new agreement under which plaintiff agreed to act as the vendee's agent for sale of the chattel, agreed to apply the proceeds in an agreed amount to the obligation, and

agreed to accept a furnace for the deficiency. Plaintiff presented evidence that defendant failed to deliver the furnace. This evidence is not material to any issue of the case.

The plaintiff's proof of defendant's breach of some new or other promise is improper on the issues as made by these pleadings.

Since Section 1319.07, Revised Code, applies, and there was a showing that no notice was given as required by that section the action for the deficiency must fail.

The judgment of the Court of Common Pleas is affirmed.

DONAHUE, P. J., FRANCE, J., concur.