Zimmerman, J.
The first question before this court for decision is whether the trial court committed prejudicial error in *452 permitting defendants on the cross-examination of plaintiff’s witness to show that the mortgaged property was surrendered to plaintiff, and that it was sold by plaintiff without written notice to defendants.
Undoubtedly, the proper time for the introduction of evidence in support of a litigant’s own case is during the introduction of his evidence in chief, and it is usually improper during the cross-examination of an adversary’s witness to elicit evidence which goes to establish such litigant’s case.
This rule, however, does not preclude cross-examination within proper limits, and, where during such cross-examination and as an incident thereof, testimony is adduced which tends to establish a defense, it may be allowed to stand and be considered.
Another rule of general recognition and acceptance is that the order in which evidence shall be produced lies within the sound discretion of the court, and, unless such discretion is patently abused, there is no prejudicial error. 52 Ohio Jurisprudence (2d), 557, Section 72; 58 American Jurisprudence, 103, Section 116; and 88 Corpus Juris Secundum, 206, Trial, Section 96.
Thus, in the court’s discretion, a party may be permitted or denied the right to introduce evidence in support of his case during the cross-examination of his adversary’s witness. 88 Corpus Juris Secundum, 211, Trial, Section 100.
To the same general effect is the fourth paragraph of the syllabus of Bean v. Green, 33 Ohio St., 444, which reads:
“Whether testimony will be admitted out of time, in the progress of a trial is a question addressed to the sound discretion of the court, and where that discretion is exercised without abuse of the power, the mere irregularity of its admission is not a sufficient ground for the reversal of a judgment.”
In Legg v. Drake, supra (1 Ohio St., 286, 292), it is stated in the opinion:
“The order in which each party may introduce his evidence on the trial of a cause, must, to a great extent, rest in the discretion of the court. But a defendant has no right to go into the distinct matter of his defense, by way of avoidance, before the plaintiff has rested. And to allow a party defendant to do *453 so in the cross-examination of the plaintiff’s witnesses, would be giving him an undue advantage.”
The “undue advantage” referred to would be in permitting the cross-examiner to use the witness’ testimony to support the cross-examiner’s case without making the witness his own. As a result, the cross-examiner would not be bound by any portion of the witness’ testimony relating to the cross-examiner’s side of the case and the opposing party could not cross-examine the witness with respect to such testimony. Thus, in following and explaining Legg v. Drake, supra, it is stated in paragraph one of the syllabus of Smith v. State, 125 Ohio St., 137, 180 N.E., 695:
“A witness * # * may be properly cross-examined as to all relevant facts developed by the examination in chief and as to such other relevant facts as the party calling such witness could have inquired in order to make out his case. If the cross-examiner goes beyond this scope, he makes the witness his own, is bound by his testimony, and as to such matter subjects the witness to cross-examination by the party calling him.”
However, in 1957, Section 2317.52, Revised Code, was enacted. That statute reads:
“When the action or proceeding relates to a transaction or occurrence in which it has been shown or it is admitted that the adverse party acted either in whole or in part through an agent or employee, such agent or employee of the adverse party may be called as a witness and examined as if under cross-examination upon any matters at issue between the parties which are shown or admitted to have been within the scope of such agent’s or employee’s authority or employment.
“The party calling for such examination shall not thereby be concluded but may rebut such agent’s or employee’s testimony by counter-testimony.
‘1 The party whose agent or employee is called as a witness by the adverse party and whose agent or employee is examined as if under cross-examination shall not thereby be concluded but may rebut such agent’s or employee’s testimony by counter-testimony. ’ ’
The cross-examination held erroneous by the Court of Appeals in the instant case was therefore authorized by the quoted statute.
*454 Consequently, there is no sound reason why, in the exercise of discretion, the trial court herein should not have admitted the testimony complained of when the witness was testifying for plaintiff instead of requiring the witness ’ later appearance on the presentation of defendant’s defense.
In the instant case, the promissory note sued on and introduced in evidence bears the notation that it is secured by chattel mortgage; the amount claimed by plaintiff is less than the face amount of the note; plaintiff’s witness was thoroughly familiar with the entire transaction between plaintiff and defendants covering the execution of the note, the giving of the chattel mortgage and the reclamation of mortgaged property; and the cross-examination of this witness took a natural course when inquiry was made of him concerning the complete transaction. True, counsel for plaintiff objected to the extensive cross-examination, and the trial court might have sustained the objection, but, in the circumstances of this particular case and under the provisions of Section 2317.52, Revised Code, we think no prejudicial error was committed in allowing full inquiry of plaintiff’s witness during his cross-examination. A result of allowing the testimony to be given during cross-examination was to save the time of the court and that of all others concerned and to shorten the trial. Therefore, it is our conclusion that no reversible error occurred, and that there was no real prejudice to plaintiff.
Next, plaintiff claims that since the mortgaged property was voluntarily surrendered by defendant Dean Burkett at at least unchallenged valuations as to different items, Section 1319.07, Revised Code, is without application. It is plain that the amount sued for by plaintiff represents a deficiency, and the statute referred to makes no distinction between mortgaged property voluntarily turned over to a mortgagee and that which is obtained in other ways. The statute is explicit in providing that no deficiency is collectible from a mortgagor, unless the mortgagee “gives at least ten days’ written notice to the mortgagor,” in the manner prescribed, “of the time, place and the minimum price for which the mortgaged property may be sold, together with a statement that the mortgagor may be held liable for any deficiency resulting from said sale.” Obviously, *455 such notice is required to enable the mortgagor to protect and conserve his financial interest in the best manner he can.
The required notice was not given in the instant cause, and the trial court held that the failure to give it was, under the statute, fatal to plaintiff’s case. The same view was entertained by the Court of Appeals for Columbiana County in the case of Lisbon Diesel & Supply, Inc., v. Clement, 93 Ohio Law Abs., 461 (Ohio Bar for May 11, 1964), in which it was held that an action for a deficiency judgment after repossession of a mortgaged chattel may not be successfully maintained, where the mortgagee failed to give the notice demanded by Section 1319.07, Revised Code, notwithstanding that the mortgagor voluntarily redelivered the chattel to the mortgagee and knew that it was to be resold. This court agrees with such conclusions.
For the reasons stated, the judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Taft, C. J. Matthias, 0’Neill, Griffith, Herbert and Gibson, JJ., concur.