Оню Credit Corporation *v.* Harbour.

(No. D76944—Decided May 20, 1970.)

Municipal Court of Dayton.

*Mr. Bernard A. Kastner,* for plaintiff.
*Messrs. Talbot, Jennings & Ducker,* for defendant.

Rice, J. This case came on to be heard upon the petition of the plaintiff seeking a judgment against the defendant in the amount of $349.88, with interest. The defendant was in default of appearance at the trial but was represented, throughout the proceedings, by her attorney who conducted the cross-examination of the plaintiff and his witnesses. In addition, defendant's attorney strongly argued the affirmative defense of the plaintiff's failure to comply with the provisions of R. C. 1319.07.

The evidence, all of which was, of necessity, from the plaintiff, tended to show that the defendant purchased a television set from the plaintiff's assignor, the Harmony Furniture Company. Following the sale of the television set, the promissory note which the defendant admits in her answer that she signed, was sold to the plaintiff, the Ohio Credit Corporation. The television set was later repossessed and sold at a sale for $25.00 and the plaintiff

has brought suit to seek judgment for the deficiency between the original purchase price and the aforementioned sale price. Thus we are in court on the plaintiff's attempt to recover a deficiency judgment following the sale of a repossessed chattel.

Since the defendant did not appear personally in court to testify, the only issue properly before the court is whether the plaintiff complied with the provisions of R. C. 1319.07; which section specifically prohibits the pursuit or collection of a deficiency judgment, following repossession, unless the party seeking a deficiency judgment gives at least ten days written notice to the mortgagor, "either personally or by registered mail, of the time, place, and the minimum price for which the mortgaged property may be sold * * *."

An action for a deficiency judgment and upon the obligation secured by the chattel mortgage cannot be maintained unless the mortgagee has complied with this section, relating to resale and to notice to the mortgagor. *Lisbon Diesel and Supply Co.* v. *Clement*, 93 Ohio Law Abs. 461. It is thus incumbent upon the plaintiff, the party seeking the default judgment following repossession of a chattel, to prove as part of his case in chief, that the aforementioned R. C. 1319.07 was complied with.

In the case at bar, the notice of sale, which was mailed to the defendant, stated only (in pertinent part) that the sale of the repossessed chattel would be held "on the 8th day of April, 1968, at Dayton, Ohio."

The court feels that this is not sufficient giving of the time and place of sale within the meaning of the aforementioned section. The legislative intent of this section is against deficiency, and the statute must be construed so as to give effect to that intendment. *Welfare Finance Co.* v. *Unger* (App.), 14 O. O. 2d 175. Should the defendant wish to reclaim her property she would not know when and where to go to do so.

Since the court holds that the time and place of the sale is not set out with sufficient specificity to advise the defendant within the meaning of R. C. 1319.07, the court

further holds that that section has not been complied with, and that the plaintiff is therefore precluded, under the terms of R. C. 1319.07 from taking a deficiency judgment against the defendant.

*Judgment for defendant.*