[Cite as *In re Estate of Faldon*, 2016-Ohio-7337.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re Estate of Nancy D. Faldon

Court of Appeals No. E-15-071

Trial Court No. 12-1-395

**DECISION AND JUDGMENT**

Decided:  October 14, 2016

* * * * *

Douglas A. DiPalma and Matthew E. Henoch, for appellant.

Carl J. Kamm III, for appellee Gayle A. Reeves, Executor of the
Estate of Nancy D. Faldon.

Philip J. Truax and Malorie A. Alverson, for appellee Community
Foundation of Lorain County.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, The Salvation Army, appeals the October 26, 2015 judgment of

the Erie County Court of Common Pleas, Probate Division, denying a motion to reopen

the estate of Nancy Faldon and motions to vacate the September 2013 order of

distribution and December 2013 order of approval of final accounting. For the reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The Trial Court erred when it denied The Salvation Army's motions to reopen the Estate and to vacate the Order dated September 9, 2013 distributing Estate funds to an entity not named in the Will and the Order dated January 21, 2014 approving the Final Accounting and payment of the Executor's fees.

2. The Trial Court erred when it found that the Executor, who failed to send proper or timely notice of a motion to divert funds from the only named beneficiary to an entity with whom the Executor was associated, did not breach her fiduciary duty.

3. The Trial Court erred when it found that timely filed motions to reopen the Estate and to Vacate its Orders dated September 9, 2013 and January 21, 2014, which Orders are void ab initio due to failure of Due Process, were barred by the equitable doctrine of laches, based only on the passage of time and without a showing of material prejudice.

## Background Facts

{¶ 3} In November 2011, Nancy Faldon retained appellee, attorney G. Reeves, to revise her estate. Faldon had no spouse, children or known next-of-kin for whom to

2.

leave her assets. She wanted her estate split between The Salvation Army entities in Vermilion and Milan, Ohio. In pertinent part, the will stated her distribution intent as:

> The net sale proceeds shall be distributed in equal shares to the Salvation Army in Milan, Ohio and the Salvation Army in Vermilion, Ohio. If one of the aforenamed organizations ceases to exist, the surviving organization shall receive my full residuary estate. If neither organization is in existence at the time of distribution, then my Executor shall designate one or more charitable organizations having the same or similar charitable purposes as the Salvation Army, serving Milan and/or Vermilion, to receive the distribution.

{¶ 4} The will further empowered the "Executor," namely appellee Reeves, with discretion to "distribute in cash or in kind." Faldon died in November 2012. The will was entered into probate on November 16, 2012, by Reeves. On November 21, 2012, the trial court admitted the will and requested interested parties be notified. On December 5, 2012, a notice of probate of will was served upon the Salvation Army, Sandusky Corp., via U.S. mail. The notice apprised appellant as "[a] legatee or devisee named in the will" who was entitled to an inheritance. The Sandusky Corp. had no authority over the Milan or Vermilion Service Centers. The notice was forwarded to the Northeast Ohio Headquarters, then to the legal secretary at Headquarters in New York.

{¶ 5} On December 19, 2012, Reeves filed a certificate of service of notice of probate of will, on which she indicated all persons entitled to notice had received notice

3.

or had not because addresses could not be reasonably ascertained. The record supports appellant had notice of the proceedings as early as December 28, 2012, because that day it sent a letter to Reeves requesting all filings be forwarded to New York.

{¶ 6} On January 18, 2013, the trial court requested an account. An account and appraisal was filed on February 18, 2013. The court approved the account on February 26, 2013, after a hearing. Notice of this hearing and inventory was sent to appellant, at headquarters in New York, but arrived one day after the hearing. Nevertheless, there was no subsequent objection by appellant on record. On April 19, 2013, the court requested a final account, but an extension until November 9, 2013 was granted.

{¶ 7} On June 19, 2013, an amended inventory was filed and hearing was set for June 26, 2013. On September 4, 2013, Reeves filed a motion to distribute funds to appellee, Lorain Community Foundation (LCF). LCF was to administer the funds by distributing monthly payments to the named beneficiaries or otherwise as stated in the will. The motion to distribute was sent to appellant at its Vermilion address. The motion had a memo in support which pertinently stated:

> If these [Vermilion and Milan] Service Extension Units were to receive significant money directly, it must be given to the national organization. The national organization would, in turn, distribute the money as it sees fit. There is no guarantee that the Vermilion and Milan Service Extension Units would be the sole direct recipients of this gift.

4.

By using the Community Foundation of Lorain County we can make sure that Nancy's intent would be accomplished by putting restrictions in our fund agreement that the monies can only be used for the Vermilion and Milan Service Extension Units. The Foundation would also provide ongoing local monitoring to make sure that is what happens in perpetuity. Additionally, if the Salvation Army or a Service Extension Unit ceases to exist, the Foundation could redirect the funds to organizations that provide similar services so that the residents of that city may continue to receive the benefits of the gift.

{¶ 8} The motion to distribute was granted by the trial court on September 9, 2013. Appellant made no objection on record. On September 12, 2013, LCF passed a resolution wherein it stated the funds were to be distributed exclusively to the Salvation Army entities of Vermilion and Milan, Ohio. Appellant was not aware of the resolution until September 23, 2013, but made no objection on record after notice thereof.

{¶ 9} In October 2013, appellant met with Reeves and LCF to discuss the disbursements. On November 20, 2013, appellant attended a luncheon with appellees to celebrate the charitable gift and legacy of Nancy Faldon. On December 18, 2013, a final account was filed and sent to appellant. A certificate of service dated December 17, 2013, was also filed by Reeves. The estate was fully administered and closed on January 21, 2014. Reeves received $54,713.23 for administration fees and LCF received $1,496,832.99 of the estate's residual account. The latter was to be distributed to

5.

appellant monthly starting January 2015 and, because of the residual income, is set to last "forever."

{¶ 10} There was no objection or appeal until July 9, 2015, when appellant sought to reopen the estate and vacate the orders distributing the funds and approving the final account. A hearing was held October 26, 2015, and the trial court denied the motions. Appellant now appeals from this judgment.

## Standard of Review

{¶ 11} A trial court's decision on a motion to reopen an estate or vacate a final account judgment will only be reversed upon finding an abuse of discretion. *See*, *e.g.*, *In re Estate of Smith*, 3d Dist. Seneca No. 13-02-37, 2003-Ohio-1910, ¶ 11. An abuse of discretion occurs where the trial court's attitude was unreasonable, arbitrary, or unconscionable in its determination. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Assignment of Error No. 3

{¶ 12} The third assignment of error will be addressed first. Appellant argues the trial court erred when finding its motions to reopen the estate and vacate orders barred by laches because, first, there was a lack of due process and, second, its delay caused no material prejudice. Appellees contend the motions were barred by laches because the orders were not void and material prejudice resulted from appellant's delay.

6.

## Due Process

{¶ 13} A judgment rendered based on notice which fails to comport with due process principles is void ab initio and may be vacated for good cause. *See In re Estate of Cullen*, 118 Ohio App.3d 256, 263, 692 N.E.2d 650 (12th Dist.1997). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Palazzi v. Estate of Gardner*, 32 Ohio St.3d 169, 172, 512 N.E.2d 971 (1987), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The notice must convey the required information and afford time for those interested to make an appearance. *Mullane* at 314. "But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." *Id*. at 315.

## Notice Provisions

{¶ 14} Pursuant to R.C. 2115.16, an executor may serve notice of the inventory hearing or may cause the notice to be served upon any person who is interested in the estate. The trial court can order notice of the hearing be served upon any persons. *See* R.C 2115.16.

{¶ 15} Pursuant to R.C. 2109.32(B)(1), an executor shall provide a copy of the account to each beneficiary and shall file with the probate court a certificate of service of account. R.C. 2109.33 provides a fiduciary may serve, or cause to be served, notice of the hearing upon his account on any person who is interested. The probate court may

7.

also order notice of the hearing to be served upon any persons. *Id.* A beneficiary's rights are not barred by approval of an account pursuant to R.C. 2109.32, but may be barred following a hearing on the account pursuant to R.C. 2109.33. *See* R.C. 2109.32(C).

{¶ 16} Here, appellant argues it was not afforded notice of the February 19, 2013 notice of inventory, the September 3, 2013 diversion of funds, or the December 18, 2013 final account, and therefore, had no opportunity to be heard at the related hearings. However, the only mandated notice was under R.C. 2109.32(B)(1), which regards sending a copy of a final account. The rest of the notice provisions are permissive unless mandated by local rule or the court. The record supports the notice of final accounting was sent December 17, 2013.

{¶ 17} Moreover, with due regard for the practicalities and peculiarities of this case, the record supports appellant acknowledged having notice of its interest in December 2012. The record further reveals appellant discussed distribution of the funds in September 2013, participated in structuring the endowment fund in October 2013, and celebrated at the testator's luncheon in November 2013. This court also notes final accounting was extended twice, did not get filed until December 2013, and was not approved until January 21, 2014. Before this final accounting, appellant filed no exception or objection. After the final accounting, appellant filed no objection. Appellant has been presumably receiving the funds as was the testator's intent. Therefore, the record supports appellant had notice of the proceedings and could have made appearance.

8.

**{¶ 18}** Accordingly, the judgment is not void and this argument is not well-taken.

## Laches

**{¶ 19}** Laches is an equitable doctrine barring an action, and the elements are "(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Fishman v. Lucas Cty. Bd. of Elections*, 116 Ohio St.3d 19, 2007-Ohio-5583, 876 N.E.2d 517, ¶ 6. One against whom a void judgment has been rendered will not be estopped by laches. *See In re Estate of Gray*, 162 Ohio St. 384, 391, 123 N.E.2d 408 (1954). Laches is independent of any statute of limitations, and delay for a shorter period than the statute accompanied by other conditions may be sufficient to destroy a beneficiary's remedy. *See Stevens v. National City Bank*, 45 Ohio St.3d 276, 284, 544 N.E.2d 612 (1989).

**{¶ 20}** Here, the judgment was not void because due process and statutory requirements were satisfied. Further, the record supports appellant waited 31 months after having actual knowledge of its interest, and 21 months after having constructive knowledge of the alleged wrongs, to object and/or commence appeal. Appellant has never provided reason for its unreasonable delay. And lastly, the financial burden associated with addressing such unreasonable delay, along with the particularities of this case, i.e. appellant planned for, discussed, celebrated, and begun receiving the funds, constitutes prejudice resulting from the delay. Therefore, the trial court did not err in denying appellant's motions based on the doctrine of laches.

9.

{¶ 21} Accordingly, the third assignment of error is not well-taken.

## Assignment of Error No. 1

{¶ 22} In the first assignment of error, appellant argues the trial court erred by denying its motions to reopen estate and vacate orders because good cause existed. Appellees contend the trial court did not err because no good cause exists where the distribution was in accordance with the testator's intent.

## Good Cause

{¶ 23} R.C. 2109.35(B) states a final account judgment "may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it." It follows, "[a] person affected by an order settling an account shall be considered to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account in accordance with section 2109.33 of the Revised Code." *See* R.C. 2109.35(B). R.C. 2109.35 is the statutory mechanism to vacate such an order because a final account is binding and challenges are barred by res judicata. *See Fletcher v. Stanton*, 124 N.E.2d 495, 499 (Ohio C.P.1952); *see also Third Nat. Bank v. Gardner*, 24 Ohio Misc. 223, 228, 262 N.E.2d 430 (C.P.1970).

{¶ 24} Here, the record supports appellant was served with notice of the hearing on the account in accordance with R.C. 2109.33. Therefore, no good cause can be shown

10.

because appellant was a party to the proceeding and could have made an appearance or objection. Accordingly, appellant's first assignment of error is not well-taken.

## Assignment of Error No. 2

{¶ 25} In the second assignment of error, appellant argues the trial court erred when it found Reeves did not breach her fiduciary duty when failing to give proper notice and distributing funds contrary to the testator's intent. Appellees assert the trial court did not err because Reeves gave proper notice and distributed the funds as the testator intended.

## Fiduciary Duties

{¶ 26} An executor of an estate is a "fiduciary" as defined under R.C. 2109.01. "The fiduciary duties of an executor are primarily to collect the estate assets, pay debts, and make distributions." (Citation omitted.) *Estate of Barry*, 11th Dist. Geauga No. 2013-G-3147, 2015-Ohio-1203, ¶ 17. "The executor also owes various duties to the beneficiaries of the estate, duties involving keeping proper accounts, giving timely notice, preserving assets, avoiding the commingling of property, and basic duties of trust and loyalty." *Id*. The executor "serves as a representative of the entire estate and owes a duty to act in a manner which protects the beneficiaries' interests." *Id*., citing *Elam v. Hyatt Legal Serv.*, 44 Ohio St.3d 175, 176, 541 N.E.2d 616 (1989). An executor making a distribution in kind shall obtain approval of the probate court prior to distribution. *See* R.C. 2113.55.

11.

{¶ 27} A breach of fiduciary claim requires: (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom. *Spalla v. Fransen*, 188 Ohio App.3d 666, 2010-Ohio-3461, 936 N.E.2d 559, ¶ 28-29 (11th Dist.2010).

{¶ 28} Here, appellant avers Reeves had a duty to send notification to a specific address in New York, did not serve appellant at this address, and therefore, failed to comply with due process requirements. Appellant also avers Reeves distributed funds contrary to the testator's intent, and did so, because she had hidden interests in LCF receiving and controlling the funds. These arguments fail for two alternate reasons.

{¶ 29} First, Reeves satisfied the will, satisfied statutory requirements, and benefitted the intended beneficiaries which are the named communities of Vermilion and Milan, not the national organization of The Salvation Army. In short, Reeves only owed appellant a duty to the extent fulfilled, and thus, no breach occurred.

{¶ 30} Alternatively, because appellant had actual notice of the proceedings, could have made an appearance and request for the trial court to forward filings as early as December 2012, and could have made objection regarding the alleged wrongs of Reeves as early as February 2013, any asserted error regarding administration of the estate is now barred by laches or res judicata for same or similar reasons as held above. *Stevens*, *supra*, 45 Ohio St.3d at 284, 544 N.E.2d 612; *Fletcher, supra*, 124 N.E.2d at 499.

{¶ 31} Accordingly, appellant's second assignment of error is not well-taken.

12.

**Conclusion**

**{¶ 32}** The October 26, 2015 judgment of the Erie County Court of Common Pleas, Probate Division, is affirmed.  Appellant is ordered to pay the costs pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                      JUDGE

Stephen A. Yarbrough, J.

                                                            _____
James D. Jensen, P.J.                                        JUDGE
CONCUR.

                                                            _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.