[Cite as *In re Estate of Sudman*, 2023-Ohio-4356.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

IN RE:  THE ESTATE OF

    THOMAS SUDMAN

CASE NO.  2-23-02

[SHIRLEY A. SUDMAN, ET AL.,
    APPELLANTS]

O P I N I O N

**Appeal from Auglaize County Common Probate Court**
**Probate Division**
**Trial Court No.  2018-EST-00255**

**Judgment Affirmed**

**Date of Decision:   December 4, 2023**

**APPEARANCES:**

    *Steven P. Mielke* **for Appellant**

    *Barry W. Mancz* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Petitioners-appellants, Shirley A. Sudman ("Shirley"), Jamie Secrest ("Secrest"), and Mike Teeters ("Teeters") (collectively, "petitioners"), appeal the January 3, 2023 judgment of the Auglaize County Court of Common Pleas, Probate Division, denying their motion to reopen the estate of Thomas Sudman, Sr. ("Thomas"). For the reasons that follow, we affirm.

{¶2} This case stems from a dispute over Thomas's estate—namely, the marital residence. Shirley is the surviving spouse of Thomas, while Secrest and Teeters are Shirley's children from a previous marriage. Respondent-appellee, Thomas Michael Sudman, Jr. ("Michael"), is Thomas's child from a previous marriage.

{¶3} Thomas died on November 4, 2018. Thomas's will, which was executed on January 22, 2018, was admitted to the probate court on December 27, 2018. The will appointed Shirley as the executor of Thomas's estate. As relevant to this case, the will provides as follows:

### ITEM III

I do hereby direct that if I predecease my wife **SHIRLEY A SUDMAN** and as long as she remains my widow; my son is hereby directed to provide the repairs to the home that she will be living in and in addition thereto pay the taxes and insurance upon said property during her lifetime. This is provided that she remains my widow and does not live in a conjunctional [sic] relationship with another, since it is my direction that provided she remains my widow under the circumstances set-forth in the Pre-Nuptial Agreement.

-2-

**ITEM IV**

My further direction is that upon the demised [sic] of my said wife **SHIRLEY A. SUDMAN**, my son **THOMAS MICHAEL SUDMAN JR aka MIKE SUDMAN** is directed to have 50% of the value that is in my estate absolutely and in fee simple and the remaining 50% in my estate * * * shall be divided between my wife SHIRLEY A. SUDMAN'S children, equally and share and share alike.

(Emphasis sic.)  (Doc. No. 1).

{¶4} Importantly, in the application (and amended application) to probate Thomas's will, neither Secrest nor Teeters are identified as vested beneficiaries under the will.  Consequently, neither Secrest nor Teeters were notified of the administration of Thomas's estate.

{¶5} An account and appraisal was filed in the probate court on January 25, 2019, which the probate court approved on February 12, 2019.  However, Shirley filed an amended inventory on February 27, 2019.

{¶6} On March 4, 2019, Shirley filed a motion to distribute Thomas's assets.  Critically, that same day, Shirley filed an application for a certificate of transfer of the marital residence to Michael (without reserving any interest), which the trial court granted the following day.  Shirley filed an amended certificate of transfer on April 9, 2019.

{¶7} Notice by publication in a newspaper of general circulation in Auglaize County of the April 18, 2019 hearing on the account was circulated on March 7,

2019. A final account of Thomas's probate estate was approved by the probate court on April 18, 2019.

**{¶8}** Shirley remarried on June 25, 2022. As the result of her new marriage, Shirley "moved out of the home and surrendered her keys and all garage door openers to [Michael] as the owner of the property" and "transferred the electric into [Michael's] name." (Doc. No. 44).

**{¶9}** On October 20, 2022, the petitioners filed a motion requesting that the probate court reopen Thomas's estate under R.C. 2109.35(B), arguing that Secrest and Teeters were "prejudiced by their omission from the proceedings" since they were not "listed * * * as beneficiaries of the estate despite being beneficiaries under Item IV of the Will." (Doc. No. 42). Specifically, the petitioners requested that the probate court vacate its order settling Thomas's probate estate, rescind the certificate of transfer of the residence, and issue a new certificate of transfer of the residence, granting a life estate to Shirley, then 50 percent to Michael, 25 percent to Secrest, and 25 percent to Teeters.

**{¶10}** Michael filed a memorandum in opposition to the petitioners' motion on October 27, 2022, along with a supplement on November 22, 2022, which included Shirley and Thomas's prenuptial agreement. Specifically, Michael argued that he was "identified as the beneficiary of the real estate both by the application for a certificate of transfer and expressly so as well by the prenuptial agreement"

Case No. 2-23-02

and that Secrest and Teeters "are not vested beneficiaries." (Doc. No. 44). As

relevant here, Shirley and Thomas's prenuptial agreement, which was executed on

December 13, 1994, provides as follows:

> [I]f the husband should die prior to the death of the wife and while the wife is still the wife of said husband, the property left by said husband at his death as set forth herein shall become part of his estate and shall be disposed of and shall be transferred in accordance with the further terms and conditions of his last will and testament * * * and the wife shall not acquire any interest in the property owned by him at the time of his demise and to those ends, wife does here by RELEASE AND RELINQUISH FOR HERSELF AND FOR HER heirs * * * all rights and interest or claims * * * to * * * the estate of said husband, * * * and all claims for a * * * right to live in the mansion house * * * .

(Emphasis sic.) (Doc. No. 47). As an exception to that general provision, Shirley

and Thomas's prenuptial agreement provides that

> [t]he wife, if she remains the wife and at the time of the demise of the husband she is the widow and remains the widow and not live in a conjugal relationship during the time she is the widow, then in that event she may reside in the home used as the marital residence at the time of the death of the husband provided that she shall be required to pay for all insurance, taxes, maintenance, and utilities during the time of occupancy.

(*Id.*). Finally, Shirley and Thomas's prenuptial agreement prescribes that,

> [u]pon the death of either [Thomas] or [Shirley], all of his or her property, real and personal, which shall not be disposed of during their life or by last will and testament shall descend to and vest in, be distributed to such person or persons as would be entitled thereto by the reason of the statutes of descent and distribution in Ohio * * * as if the surviving spouse died during the life of the other party.

-5-

(*Id.*). On December 12, 2022, the petitioners filed their reply to Michael's memorandum in opposition to their motion to reopen Thomas's estate.

{¶11} After a hearing on December 16 and 22, 2022, the trial court denied the petitioners' motion to reopen Thomas's estate on January 3, 2023. Specifically, the trial court concluded that the petitioners "did not carry the burden of proof to show that the estate was inappropriately administered * * * ." (Doc. No. 57). Significantly, the trial court found that Shirley acted contrary to her contention in the motion to reopen Thomas's estate that Secrest and Teeters are beneficiaries under Thomas's will during the administration of Thomas's estate and that "the will and the prenuptial agreement did not create a life estate to [Shirley]" (*Id.*).

{¶12} On January 30, 2023, the petitioners filed a notice of appeal. They raise one assignment of error for our review.

### Assignment of Error

**The trial court committed reversible error when it denied Appellants' Motion to Re-open the Estate of Thomas Sudman for the purpose of issuing a corrective Certificate of Transfer reflecting the Decedent's intention as stated in his Last Will and Testament.**

{¶13} In their assignment of error, the petitioners argue that the trial court erred by denying their motion to reopen Thomas's estate. Specifically, the petitioners contend that they established good cause to reopen Thomas's estate since Secrest and Teeters were not "afforded notice of the probate of the Will and neither

were given an opportunity to assert their rights and interests under the Will" "despite being named as beneficiaries under Item IV of the Will." (Appellants' Brief at 5).

*Standard of Review*

{¶14} The decision "whether to grant a motion to reopen an estate is within the sound discretion of a probate court." *In re Estate of West*, 7th Dist. Jefferson No. 16 JE 0017, 2017-Ohio-7128, ¶ 14, citing *In re Estate of Smith*, 3d Dist. Seneca No. 13-02-37, 2003-Ohio-1910, ¶ 11. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

{¶15} "An order of the probate court approving and settling a fiduciary's final account has the effect of a final judgment, which can only be vacated under the limited procedures set forth in R.C. 2109.35." *In re Stropky*, 5th Dist. Stark No. 2018CA00055, 2018-Ohio-5371, ¶ 14. Thus, R.C. 2109.35 permits a probate court to vacate the settlement of a fiduciary's account under certain circumstances, including "for good cause shown, other than fraud * * * ." R.C. 2109.35(B).

{¶16} To vacate a final account under to R.C. 2109.35(B), a petitioner must demonstrate that he or she is "a person affected by the order, * * * was not a party to the proceeding in which the order was made, * * * had no knowledge of the proceeding in time to appear in it, and [that] there is good cause to vacate the order."

*In re Stropky* at ¶ 16. "An order settling an account shall not be vacated unless the court determines that there is good cause for doing so, and the burden of proving good cause shall be upon the complaining party." R.C. 2109.35(C).

**{¶17}** In this case, the trial court denied the petitioners' motion to reopen Thomas's estate after concluding that Shirley did not have any "authority to bring this motion" and that Secrest and Teeters "were [not] entitled to any notice" of the proceedings. (Doc. No. 57). Based on our review of the record, we conclude that the trial court did not abuse its discretion by denying the petitioners' motion to reopen Thomas's estate because the petitioners are not persons affected by the order settling the account of Thomas's probate estate.

Under R.C. 2109.35(B),

[a] person affected by an order settling an account shall be considered to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account in accordance with [R.C.] 2109.33, waived that notice, consented to the approval of the account, filed exceptions to the account, or is bound by [R.C.] 2109.34 of the Revised Code * * * .

*See In re Estate of Cullen*, 118 Ohio App.3d 256, 263 (12th Dist.1997) (confirming that notice by publication is insufficient to satisfy the due-process requirement "that notice be "'reasonably calculated to reach the interested parties'""), quoting *Palazzi v. Estate of Gardner*, 32 Ohio St.3d 169, 173 (1987) quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 318, 70 S.Ct. 652 (1950).

**{¶18}** R.C. 2109.33 provides, in its relevant part, that "[a]ny person *interested* in an estate * * * may file exceptions to an account * * * ." (Emphasis added.) Even though the legislature did not define an interested person as described in R.C. 2109.33, an interested person has been defined as a person "who holds a 'direct, pecuniary interest' in the trust or estate." *In re Guardianship of Snyder*, 4th Dist. Hocking No. 09CA21, 2010-Ohio-3899, ¶ 20, quoting *In re Estate of Boll*, 126 Ohio App.3d 507, 509-510 (4th Dist.1998).

**{¶19}** Based on our review of the record, Shirley is not a person affected by the order settling the account of Thomas's probate estate because Shirley *was* a party to the proceeding and consented to the approval of the account. *See In re Estate of Faldon*, 6th Dist. Erie No. E-15-071, 2016-Ohio-7337, ¶ 24 (concluding that "no good cause can be shown because appellant was a party to the proceeding and could have made an appearance or objection").

**{¶20}** Further, neither Secrest nor Teeters are a person affected by the order settling the account of Thomas's probate estate because neither have a direct, pecuniary interest in Thomas's estate. *See In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 109299, 2020-Ohio-4222, ¶ 10 (concluding that the petitioner "made no showing that she has any direct pecuniary interest in [the decedent's] estate"). That is, neither Secrest nor Teeters are direct (or vested) beneficiaries under Thomas's will. *See In re Guardianship of AL.K.*, 9th Dist. Summit No. 23338,

2007-Ohio-509, ¶ 11 (concluding that the petitioner was not an interested person with a direct, pecuniary interest in the guardianship because she was "not the beneficiary of the guardianship" and "the trust of which she is the beneficiary [was not] funded by any guardianship assets").

{¶21} Importantly, "a potential beneficiary of an estate ha[s] no vested interest in the estate." *Brinkman v. Doughty*, 140 Ohio App.3d 494, 498 (2d Dist.2000). At best, Secrest and Teeters can be considered contingent or conditional beneficiaries under Thomas's will. Specifically, Thomas's will specifies that Secrest and Teeters' inheritance of the marital residence is contingent only upon Shirley's death. However, Shirley is not dead. Likewise, Thomas's will conditioned Shirley's right to live in the marital residence on her remaining his widow and not engaging in a conjugal relationship. The record supports that Shirley did not satisfy either condition. Thus, as potential beneficiaries of Thomas's estate, neither Secrest nor Teeters have a vested interest in Thomas's probate estate. *See In re Guardianship of AL.K.* at ¶ 11. Consequently, neither Secrest nor Teeters have a direct, pecuniary interest in Thomas's estate. Therefore, neither Secrest nor Teeters are a person affected by the order settling the account of Thomas's probate estate.

{¶22} Finally, we note that Thomas's will could have been drafted more clearly. As a result, our opinion is premised on the particular facts and circumstances presented by this case.

{¶23} Therefore, because the petitioners are not persons affected by the order settling the account of Thomas's probate estate, the petitioners cannot demonstrate good cause to vacate the settlement of the account of Thomas's estate. Accordingly, the trial court did not abuse its discretion by denying the petitioners' motion to reopen Thomas's estate.

{¶24} The petitioners' assignment of error is overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER, P.J. concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**