[Cite as *Altman v. Parker*, 2018-Ohio-4583.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


KIMBERLY K. ALTMAN, : APPEAL NO. C-170683
TRIAL NO. A-9902430
   and :

TIMOTHY ALTMAN, : *O P I N I O N.*

   Plaintiffs-Appellees, :

   vs. :

DAVE W. PARKER, :

   Defendant-Appellant. :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 14, 2018


*Daniel W. Wenstrup*, for Plaintiffs-Appellees,

*Robert G. Kelly*, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}    Defendant-appellant Dave Parker appeals from the judgment of the Hamilton County Court of Common Pleas overruling his motion to set aside a 1999 default judgment that was entered for plaintiffs-appellees Kimberly and Timothy Altman. The trial court overruled the motion without a hearing, determining that Parker had failed to rebut the presumption of proper service and that laches applied.  In three assignments of error, Parker argues the trial court erred by overruling his motion.  For the reasons that follow, we reverse the trial court's judgment and remand for an evidentiary hearing on Parker's motion.

### Background Facts and Procedure

{¶2}    In May 1999, the Altmans filed a complaint against Parker for personal injuries and property damage resulting from a motor vehicle accident.   The complaint was sent by certified mail to 4232 Lowry Avenue, Norwood, Ohio, the address listed on the complaint.   The certified mail was returned unclaimed, but ordinary mail service to the same address was never returned.  Parker failed to file a responsive pleading, and the Altmans obtained a default judgment against him in August 1999.  In April 2011, the Altmans revived the judgment and began garnishing Parker's wages.   Parker did not appeal from the revivor order, which was sent to him at a Kentucky address.

{¶3}    In June 2017, Parker moved to set aside the 1999 default judgment for lack of service, claiming the judgment was void.  He additionally requested the dismissal of the complaint, on the ground that the claims were time barred, and the return of all monies he had paid in the action.  Parker submitted materials in support of his motion, including his own affidavit asserting that he had not received service of process in 1999 and had not

lived at the Lowry address since 1986. In his deposition testimony, Parker explained that he had been raised by his grandparents until the age of 17 at the Lowry address, where his grandmother still resides.

{¶4} The Altmans opposed the motion and requested a hearing to present evidence to rebut Parker's claim of defective service. They argued also that Parker's attempt to vacate the judgment was barred by laches. The trial court denied the motion without holding a hearing, determining that Parker had failed to rebut the presumption of proper service and that his motion was barred by laches.

{¶5} Parker now appeals, raising three assignments of error.

### Analysis

{¶6} In his second and third assignments of error, which we address first, Parker maintains that the 1999 default judgment is void for failure of service, and that the trial court erred by overruling his motion to set aside that judgment. Ordinarily, we review a trial court's decision on a common-law motion to set aside a void judgment under an abuse-of-discretion standard. *Terwoord v. Harrison*, 10 Ohio St.2d 170, 171, 226 N.E.2d 111 (1967). But if the challenge implicates an issue of law, we apply a de novo standard of review. *See Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 705 N.E.2d 408 (1st Dist.1997).

{¶7} *Laches.* Parker first challenges the trial court's denial of his motion based on laches. Laches is an equitable doctrine that bars an action where there has been an unreasonable delay or lapse in time in asserting a right; the absence of an excuse for the delay; knowledge, actual or constructive, of the injury or wrong; and prejudice to the other party. *See, e.g., State ex rel. Fishman v. Lucas Cty. Bd. of Elections*, 116 Ohio St.3d 19, 2007-Ohio-5583, 876 N.E.2d 517, ¶ 6.

{¶8}    Laches, however, does not bar a movant from seeking relief from a void judgment. *See In re Estate of Gray*, 162 Ohio St. 384, 391-392, 123 N.E.2d 408 (1954), cited in *In re Estate of Faldon*, 6th Dist. Erie No. E-15-071, 2016-Ohio-7337, ¶ 19. The law is well settled that a void judgment is a nullity that may be collaterally attacked at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46; *Snyder v. Clough*, 71 Ohio App. 440, 444-445, 50 N.E.2d 384 (5th Dist.1942); *Cincinnati Equine, LLC v. Sandringham Farm, LLC*, 1st Dist. Hamilton No. C-150067, 2016-Ohio-803, ¶ 8. Where effective service of process has not been made upon the defendant, and the defendant has not otherwise made an appearance or otherwise waived service, a court lacks personal jurisdiction to enter a default judgment against that defendant, and any judgment entered is a nullity and void. *See Emge*, 124 Ohio App.3d at 63, 705 N.E.2d 408; *Young v. Locke*, 10th Dist. Franklin No. 13AP-608, 2014-Ohio-2500, ¶ 21.

{¶9}    If the trial court in this case lacked jurisdiction to issue the default judgment, laches on the part of Parker cannot validate what is a nullity. *See Austin v. Smith*, 312 F.2d 337, 343 (D.C.Cir.1962) (a void judgment cannot "acquire validity because of laches on the part of him who applies for relief from it"). Thus, the trial court erred when it relied on laches to overrule Parker's motion to set aside the default judgment allegedly encumbered with a jurisdictional defect.

{¶10}    *Failure to rebut presumption of sufficient service.* Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Emge* at 63. The plaintiff in a case bears the burden of achieving proper service on a defendant. *Id.* In those instances where the plaintiff follows the civil rules governing service of process, courts presume that service is

4

proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Id.*; *Young* at ¶ 23.

{¶11}   As set forth in the Ohio Rules of Civil Procedure, service of process may be obtained within the state by several ways, including service by certified or express mail, personal service, residential service, and service by publication, and, by recent amendment, service by commercial carrier service. Civ.R. 4.1 and 4.4.  Here, the Altmans used the certified mail method of service, and when the certified mail service was returned unclaimed, filed a written request for ordinary mail service to the same address.  When that ordinary mail envelope was never returned, the Altmans completed service as contemplated by Civ.R. 4.6(D).

{¶12}   Parker moved the trial court to set aside the allegedly void judgment on the grounds that his own affidavit asserting that he had not received service, and other materials supporting that assertion, sufficiently rebutted the presumption of service.  On appeal, he maintains that his materials were sufficient to rebut the presumption of receipt, and argues the trial court was required to grant his motion because the Altmans failed to present "evidentiary quality" materials to contradict his assertion.

{¶13}   In support for this argument, Parker cites *Rafalski v. Oates*, 17 Ohio App.3d 65, 477 N.E.2d 1212 (8th Dist.1984).  The *Rafalski* court held that when a defendant seeking to vacate an allegedly void judgment for defective service makes "an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Id.* at 66-67.

{¶14} This court, however, has not followed *Rafalski*. Instead, in recognition that a defendant may easily make a self-serving claim that he did not receive service, we have held that a trial court "is entitled to make a credibility assessment and disbelieve the defendant's claim, particularly where the circumstantial evidence of receipt is compelling. *Infinity Broadcasting, Inc. v. Brewer*, 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶ 8, citing *Emge,* 124 Ohio App.3d at 63, 705 N.E.2d 408, and *Caldwell v. Alston*, 1st Dist. Hamilton No. C-950688, 1996 WL 557801 (Oct. 2, 1996). But "as a corollary of the additional latitude we have given the trial court," we have held that the trial court must afford the defendant a hearing at which the court may "assess the credibility of the defendant's assertion." *Brewer* at ¶ 8, citing *Emge* at 64-65.

{¶15} Consequently, we hold that the trial court should not have rejected Parker's self-serving but uncontradicted sworn affidavit without first holding an evidentiary hearing. An evidentiary hearing is additionally warranted in this case because the Altmans requested one so that they could present evidence rebutting Parker's assertion of defective service.[1] On remand, the trial court shall hold a hearing that will allow it to appropriately access Parker's credibility and the persuasiveness of his evidence and any evidence the Altmans present.[2]

{¶16} For these reasons, we sustain Parker's second and third assignments of error in part and overrule them in part.

{¶17} In his first assignment of error, Parker attacks the order granting the revivor, arguing that it too is void, but for a different reason. We lack jurisdiction,

---

[1] Notwithstanding this request, the Altmans assert in their brief that the parties waived a formal hearing. We do not address whether under these circumstances a formal hearing may be waived because our record does not demonstrate any waiver.

[2] We cannot address Parker's argument presented under his third assignment of error concerning the admissibility of a document the Altmans may offer at the hearing. That issue is not ripe for review at this stage in the proceedings.

however, to review any assignment of error related to the revivor order, which became final and appealable in 2011. To invoke this court's jurisdiction to review a final order, a party must timely appeal from that order. *See* App.R. 3(A). Parker did not list the 2011 order on the notice of appeal filed in this case, and that notice of appeal was filed long after the 30-day deadline set forth by App.R. 4.

{¶18} Although we cannot reach the merits of Parker's first assignment of error, we note that if the default judgment is determined to be void for lack of personal jurisdiction, all orders arising out of that judgment, including the revivor order, are also a nullity.

### Conclusion

{¶19} The trial court erred by overruling Parker's motion to set aside the allegedly void 1999 default judgment, because laches does not bar a movant from seeking relief from a void judgment, and the court was prohibited from making a credibility determination without first holding an evidentiary hearing to assess the credibility of Parker's unrebutted assertion that he had not received service of the Altmans' complaint. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.