[Cite as *Fifth Third Bank v. Ricci*, 2021-Ohio-1648.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FIFTH THIRD BANK, | : | APPEAL NOS. C-200222 |
| | | C-200237 |
| Plaintiff-Appellee, | : | TRIAL NO. A-1103438 |
| vs. | : | |
| | | *O P I N I O N.* |
| JOSEPH A. RICCI, | : | |
| Defendant-Appellant. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded in C-200222; Appeal Dismissed in C-200237

Date of Judgment Entry on Appeal:  May 12, 2021

*Brock & Scott, PLLC,* and *Mark N. Dierks*, for Plaintiff-Appellee,

*Luftman, Heck & Associates, LLB*, and *Gregory S. Zuchowski*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Defendant-appellant Joseph A. Ricci appeals the judgment of the trial court denying his motion to vacate a default judgment.   Because Ricci filed two appeals from the same judgment, we dismiss the appeal in the case numbered C-200237 as duplicative.   For the reasons set forth below, we reverse the trial court's judgment.

{¶2}   In April 2011, plaintiff-appellee Fifth Third Bank filed a complaint against Ricci and attempted service by certified mail, which was subsequently returned unclaimed in August 2011.   In June 2011, Fifth Third requested service by a private process server.   In July 2011, Fifth Third filed a return of service indicating that Ricci had been personally served.   After Ricci failed to respond to the complaint, Fifth Third obtained a default judgment against him in October 2011.

{¶3}   Eight years later, Ricci filed a motion to vacate the default judgment. He attached to his motion an affidavit asserting that he had not been personally served by the process server at the time or location indicated on the return of service, that he was not present at the location at that time, and that it would have been impossible for him to have been present at that location at that time.   Fifth Third filed a motion for a hearing to assess the credibility of Ricci's assertions, but the trial court denied Ricci's motion to vacate without a hearing.

{¶4}   In his first and second assignments of error, Ricci argues that the trial court erred by denying his motion to vacate the default judgment and that its decision was against the manifest weight of the evidence.   We consider these assignments of error together.

{¶5}   Proper service of process is a prerequisite to a court exercising personal jurisdiction.  *Goering v. Lacher*, 1st Dist. Hamilton No. C-110106, 2011-Ohio-5464, ¶ 9.   A default judgment rendered without proper service is void.  *Cincinnati Ins. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997).  A trial court has inherent power to vacate a void judgment.  *Id.*

{¶6}   Service of process must be made in a manner reasonably calculated to notify interested parties of an action and afford them an opportunity to respond.  *Id.* The plaintiff bears the burden of ensuring proper service.  *Id.*  Where the plaintiff follows the civil rules governing the service of process, the service is presumed to be proper unless the defendant rebuts the presumption by sufficient evidence of nonservice.  *Id.*

{¶7}   The civil rules permit service of process outside the state to be made by personal service.  *See* Civ.R. 4.3(B)(2).  In this case, Fifth Third completed out-of-state personal service as contemplated by the rule, which created the presumption that service was properly made.  *See Emge* at 64.

{¶8}   Ricci argues, however, that his affidavit accompanying his motion to vacate the default judgment asserted operative facts that, if true, demonstrated that he was not served with the lawsuit.  He argues that the trial court erred by overruling his motion without first holding an evidentiary hearing to assess the credibility of his assertion of nonservice.

{¶9}   "[I]n recognition that a defendant may easily make a self-serving claim that he did not receive service, we have held that a trial court 'is entitled to make a credibility assessment and disbelieve the defendant's claim, particularly where the circumstantial evidence of receipt is compelling.' "  *Altman v. Parker*, 2018-Ohio-

3

4583, 123 N.E.3d 382, ¶ 14 (1st Dist.), quoting *Infinity Broadcasting, Inc. v. Brewer*, 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶ 8. "But 'as a corollary of the additional latitude we have given the trial court,' we have held that the trial court must afford the defendant a hearing at which the court may 'assess the credibility of the defendant's assertion.' " *Id.*, quoting *Brewer* at ¶ 8. If after an evidentiary hearing the trial court determines that it does not believe the defendant's testimony that service was not received, a self-serving affidavit does not rebut the presumption of proper service. *Emge*, 124 Ohio App.3d at 64, 705 N.E.2d 408.

{¶10} "Without a hearing, the trial court could not have appropriately assessed [Ricci's] credibility or the persuasiveness of [Ricci's] evidence and could not have determined whether [Ricci] was truthful in alleging that he did not receive proper service of process." *See id.* at 64. The trial court should have held a hearing on the issue of whether Ricci did in fact receive service. *Id.* at 65. An evidentiary hearing is additionally warranted because Fifth Third specifically requested one to require Ricci to testify before the court. *See Altman* at ¶ 15.

{¶11} We hold that the trial court erred by overruling Ricci's motion to vacate the default judgment without holding an evidentiary hearing. We sustain the assignments of error. We reverse the trial court's judgment and remand this matter to the trial court for further proceedings consistent with law in the appeal numbered C-200222. The appeal numbered C-200237 is dismissed.

Judgment accordingly.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

4