[Cite as *Altman v. Parker*, 2022-Ohio-142.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KIMBERLY K. ALTMAN, | : | APPEAL NO. C-210177 |
| | | TRIAL NO. A-9902430 |
| and | : | |
| TIMOTHY ALTMAN, | : | |
| | | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| DAVE W. PARKER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  January 21, 2022

*Heis & Wenstrup LPA* and *Daniel J. Wenstrup,* for Plaintiffs-Appellees,

*Robert G. Kelly,* for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Dave W. Parker appeals the trial court's judgment denying his motion to set aside a 1999 default judgment. For the following reasons, we overrule his assignments of error and affirm the trial court's judgment.

## I.     Facts and Procedure

### Background and First Appeal

**{¶2}** In 1997, plaintiff-appellee Kimberly Altman suffered injuries in a vehicle collision with Parker. The accident report listed Parker's address as 4233 Lowry Avenue in Norwood, Ohio. Two years later, Kimberly and her husband, Timothy Altman, sued Parker, seeking damages for personal injuries and property damage.

**{¶3}** The Altmans initially attempted to serve Parker through certified mail addressed to 4233 Lowry Avenue. But the certified mail was returned marked "unclaimed." On May 26, 1999, the Altmans attempted service through ordinary mail to the same address. The envelope was never returned and Parker failed to respond to the complaint. The Altmans moved for a default judgment. Following a hearing on that motion, the trial court entered a default judgment against Parker and awarded the Altmans damages and attorney's fees. In 2011, the Altmans revived the judgment and began garnishing Parker's wages.

**{¶4}** In 2017, Parker moved to set aside the judgment and dismiss the complaint. In support, Parker attached an affidavit asserting that he did not live at the Lowry Avenue address in 1999. In the affidavit, Parker explained that the Lowry Avenue residence was his grandmother's home and that he moved out of his

grandmother's home in 1986. The trial court denied Parker's motion without an evidentiary hearing.

{¶5}    Parker appealed. This court held that "the trial court should not have rejected Parker's self-serving but uncontradicted sworn affidavit without first holding an evidentiary hearing." *Altman v. Parker*, 2018-Ohio-4583, 123 N.E.3d 382, ¶ 15 (1st Dist.). We reasoned that a trial court "is entitled to make a credibility assessment and disbelieve the defendant's claim, particularly where the circumstantial evidence of receipt is compelling." *Id.* at ¶ 14, quoting *Infinity Broadcasting, Inc. v. Brewer*, 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶ 8. We remanded the case with instructions to hold an evidentiary hearing to "appropriately assess Parker's credibility and the persuasiveness of his evidence and any evidence the Altmans present." *Id.*

<u>Evidentiary Hearing</u>

{¶6}    At the evidentiary hearing, Parker attempted to demonstrate nonservice through showing that he 1.) had lived in Dayton, Kentucky, in 1999, and 2.) was incarcerated when the Altmans attempted to serve him.

{¶7}    Parker and his uncle testified that Parker moved to Kentucky when he was 18 years old. Parker and his former neighbors, the Hundemers, testified that Parker lived on Dayton Avenue in Dayton, Kentucky, in 1999. And to demonstrate that he lived on Dayton Avenue in 1999, Parker presented a 1998 lease for 412 Dayton Avenue and tax documents from 1999 which listed Parker's address as 412 Dayton Avenue. Yet, letters from Parker's union written in February and May of 1999 were addressed to Parker at a Southgate, Kentucky residence.

3

{¶8} Next, Parker and his son testified that he was incarcerated in Kentucky when the Altmans attempted service through ordinary mail. Parker supported that testimony with a citation for driving under the influence issued to Parker on May 21, 1999—five days before the Altmans attempted service via regular mail—and judgment entries from Parker's trial for that charge. Parker testified that, while incarcerated, he was never informed of the Altmans' suit. While Parker admitted that he received letters from his wife while he was incarcerated, he testified that the letters never mentioned the Altmans' suit.

{¶9} Kimberly Altman, however, testified that she had encountered Parker's father, George Parker, and an elderly woman at the 1999 default-judgment hearing. According to Altman, she later recognized George Parker at his 2017 deposition related to Parker's motion to set aside the default judgment. Altman's former attorney, Greg Bellman, testified that Kimberly Altman had informed him that Parker's father was present at the default-judgment hearing.

{¶10} Bellman testified that he relied on the address listed in the 1997 accident report for the complaint and service attempts. Bellman conceded he took no further steps to verify Parker's address when the certified mail returned marked unclaimed. According to Bellman, "there is an assumption that's made that people are going to be [at] a certain address that they represent" on an accident report.

{¶11} Sergeant David Lewis testified that he responded to the 1997 collision and authored the accident report. Lewis testified that in 1997, he would have relied on his patrol car's mobile data terminal for Parker's address. According to Lewis, the terminal likely indicated that Parker's license was suspended and displayed information from Parker's suspended license. While Lewis could not remember

interacting with Parker in 1997, he testified that he customarily attempted to verify the address of a person being questioned during an investigation.

Judgment Entry

{¶12} The trial court denied Parker's motion to set aside the judgment and dismiss the complaint. The trial court found that "the evidence of receipt is compelling and service of process was made in a manner reasonably calculated to appraise Parker of the action and afford him an opportunity to respond." The court was "still not persuaded that Parker's evidence is sufficient to rebut the presumption of proper service." The court rejected Parker's argument that a plaintiff has an obligation to confirm a defendant's address or determine if the defendant is incarcerated. According to the court, Parker "allowed officers at the scene of the accident to use the Lowry Avenue address to complete the accident report." The court determined that Parker's Dayton, Kentucky residence was "undisclosed," which was "the result of Parker's own failings."

{¶13} Parker appeals.

## II.     Law and Analysis

{¶14} We review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion. *Altman*, 2018-Ohio-4583, 123 N.E.3d 382, at ¶ 6. A trial court abuses its discretion when "the court's attitude is unreasonable, arbitrary, or unconscionable." *Hensel v. Childress*, 2019-Ohio-3934, 145 N.E.3d 1159, ¶ 6 (1st Dist.), quoting *Thoma Opticians, Inc. v. Barnes, Dennig & Co.*, 151 Ohio App.3d 566, 2003-Ohio-673, 784 N.E.2d 1207, ¶ 13 (1st Dist.). A trial court's "decision is unreasonable if there is no sound reasoning process that would support that

decision." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**A. <u>Service under Civ.R. 4</u>**

{¶15} In his first assignment of error, Parker argues that the trial court erred when it determined that he was served pursuant to Civ.R. 4. The trial court found that "service was properly perfected by regular mail as contemplated by Civ.R. 4.6(D)." According to Parker, the plain and unambiguous language of Civ.R. 4.4(A) requires plaintiffs to exercise reasonable diligence when locating a defendant. This argument raises an issue of law that we review de novo. *Altman,* 2018-Ohio-4583, 123 N.E.3d 382, at ¶ 6.

{¶16} Civ.R. 4.4(A)(1) requires a plaintiff to exercise "reasonable diligence" to locate a defendant "when the residence of a defendant is unknown." But that standard does not apply here. Parker overlooks the fact that Civ.R. 4.4(A) describes the procedural requirements for serving a defendant by publication. *See Sizemore v. Smith*, 6 Ohio St.3d 330, 331, 453 N.E.2d 632 (1983). The Altmans never attempted to serve Parker by publication.

{¶17} Certainly, service by publication is appropriate when service cannot be perfected under Civ.R. 4.6(D). Civ.R. 4.4(B). But that is not the case here—the Altmans completed service under Civ.R. 4.6(D). *Altman* at ¶ 11. Specifically, Civ.R. 4.6(D) contemplates instances where service sent through certified mail is returned marked "unclaimed." Civ.R. 4.6(D). In these situations, the civil rules allow a serving party, such as the Altmans, to use "ordinary mail service." Civ.R. 4.6(D). The Altmans complied with this process in 1997. When ordinary mail is not returned marked "failure of delivery," service is "deemed complete." *Id.* Parker does not

dispute the fact that the Altmans did not receive the ordinary mail envelope marked "failure of delivery." Therefore, under the plain language of Civ.R. 4.6(D), service was "deemed complete."

{¶18} Based on the plain language of Civ.R. 4.6(D), the trial court was correct when it found that service was proper under the civil rules. Parker's first assignment of error is overruled.

### B. Receipt of Service

{¶19} In his second assignment of error, Parker contends that he presented overwhelming and uncontroverted evidence to rebut the presumption of service. According to Parker, his evidence demonstrated that he was incarcerated at the time and never received service. While it is clear that Parker was incarcerated on May 26, 1999, the trial court found that evidence of receipt of service was "compelling."

{¶20} When "circumstantial evidence of receipt is compelling," a trial court is "entitled to disbelieve a defendant's claim of nonservice." *Infinity Broadcasting*, 1st Dist. Hamilton No. C-010329, 2003-Ohio-1022, at ¶ 8. We recognize that Parker testified that he did not receive service when he was incarcerated. But circumstantial evidence of receipt existed. Parker testified that he received mail from his wife while incarcerated. Significantly, Altman testified that Parker's father was present at the default hearing to "represent [Parker]." If believed, those two facts indicate that Parker knew of the litigation. At its core, the conflicting testimony presented the trial court with the opportunity to assess the credibility of the witnesses.

{¶21} In *Altman,* this court explained that the purpose of the evidentiary hearing was to afford the trial court an opportunity "to assess the credibility and persuasiveness of the evidence presented by Parker and the Altmans." *Altman,* 2018-

7

Ohio-4583, 123 N.E.3d 382, at ¶ 15. Assessing the credibility of a witness and resolving evidentiary conflicts are matters for the trier of fact. *Kinnett v. Corp. Document Solutions, Inc.,* 1st Dist. Hamilton No. C-180189, 2019-Ohio-2025, ¶ 21. We defer to credibility determinations of the trial court because "the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.,* quoting *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Based on our review of the evidence, we find that the trial court's credibility assessments were reasonable and we will not disturb its credibility assessments.

{¶22} In addition, Parker argues that the trial court ignored the Kentucky court records that show Parker was incarcerated when service was attempted through ordinary mail. We disagree. The trial court recognized that Parker was "incarcerated in another jurisdiction at the time regular mail was sent to the Lowery address." The court considered that fact, but determined that evidence of receipt was compelling.

{¶23} The trial court did not abuse its discretion when it found evidence of receipt compelling. While Parker presented evidence of nonreceipt, the trial court chose not to believe him. Because the trial court was in the best position to assess the credibility of the witnesses, we defer to its assessment. Based on the circumstantial evidence of receipt in the record, we cannot say that the trial court's judgment was unreasonable, arbitrary, or unconscionable.

### C. <u>Reasonably Calculated</u>

{¶24} Next, Parker argues that the trial court erred when it found that service was reasonably calculated to apprise Parker of the action. Due process required the Altmans' attorney to attempt service in a manner " 'reasonably calculated' to reach the intended parties." *Akron–Canton Regional Airport Auth. v. Swinehart,* 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980), quoting *In re Foreclosure of Liens,* 62 Ohio St.2d 333, 405 N.E.2d 1030 (1980), quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The constitutionality of any method turns on whether "it is in itself reasonably certain to inform those affected." *Mullane* at 315; *In re Foreclosure of Liens* at 336. The method of service "must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane* at 315.

{¶25} Both the United States Supreme Court and the Ohio Supreme Court have held that due process does not require *actual* notice. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ("Due process does not require that a property owner receive actual notice before the government may take his property. Rather, we have stated that due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "); *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶ 14 (in a termination-of-parental-rights case, the agency failed to attempt service via ordinary mail before service by publication; the court noted "due process does not require that an interested party receive *actual* notice." (Emphasis in original.)); *Castellano v. Kosydar*, 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975).

9

Requiring actual service "would be contradictory to modern service requirements." *Castellano* at 110. Due process does not require that service be made through " 'heroic efforts' to ensure the notice's delivery." *Thompkins* at 14, quoting *Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).

{¶26} Nor do the Ohio Rules of Civil Procedure require actual service. *Detty v. Yates*, 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, ¶ 14-16 (defendant was validly served because after certified mail was returned unclaimed, defendant was served via ordinary mail, and the ordinary mail was not returned); *Castellano* at 110 ("certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery."). The civil rules were drafted in light of the principle that "due process should determine the parameters for proper service rather than create unduly restrictive rules prohibiting otherwise constitutionally permissible service." *Akron-Canton,* 62 Ohio St.2d at 405, 406 N.E.2d 811. In turn, a plaintiff attempting service under Civ.R. 4.6 "must use an address for the defendant at which it could be reasonably expected he would receive mail addressed to him." *Grant v. Ivy,* 69 Ohio App.2d 40, 42, 429 N.E.2d 1188 (10th Dist.1980).

{¶27} The trial court found that service was made in a manner reasonably calculated to notify Parker of the lawsuit and afford him an opportunity to respond. The Altmans relied on the address listed for Parker in the accident report and citation. When a defendant gives out a particular address as his or her mailing address, service to that address satisfies due process. *See Erin Capital Mgt. LLC v. Fournier,* 10th Dist. Franklin No. 11AP-483, 2012-Ohio-939, ¶ 21. Here, the trial court reasoned that Parker had failed to provide a forwarding address and allowed

officers at the scene of the collision to use the Lowry Avenue address to complete the accident report.

{¶28} Evidence in the record supports that conclusion. Sergeant Lewis testified that it was his practice to verify the address of any person that he questioned. Interestingly, the Lowry Avenue address appears crossed out on the May, 1999 citation issued to Parker in Kentucky. Combined, these facts support the trial court's conclusion that Parker allowed officers to use the Lowry Avenue address in the 1997 collision with the Altmans. As a result, we cannot say that the trial court abused its discretion when it found that service was attempted in a manner reasonably calculated to notify Parker. Parker's second assignment of error is overruled.

### D. **Evidence in the Record**

{¶29} In his third assignment of error, Parker argues that the trial court's reasoning lacked evidentiary support. A trial court abuses its discretion when its conclusion lacks evidentiary support or it relies on clearly erroneous findings of fact. *See Pieczonka v. Pieczonka*, 1st Dist. Hamilton No. C-170173, 2017-Ohio-8899, ¶ 10. According to Parker, the trial court relied on evidence outside of the record when it found that "Parker allowed officers at the scene of the accident to use his driver's license, with the Lowry Avenue address, to complete the accident report." As discussed, Sergeant Lewis testified that his mobile data terminal would display information from suspended licenses and that he verified the addresses of individuals that he questioned in the course of an investigation.

{¶30} Because evidence in the record supported the trial court's reasoning, there was no abuse of discretion. Parker's third assignment of error is overruled.

11

## Conclusion

{¶31}  Parker's three assignments of error are overruled. The trial court did not abuse its discretion when it found that evidence of receipt was compelling. The trial court's judgment is affirmed.

Judgment affirmed.

**WINKLER, J.**, concurs.
**ZAYAS, P.J.**, dissents.

**ZAYAS, P.J.**, dissenting.

{¶32}  This case presents an interesting question of the requirements for service upon a Kentucky resident who previously resided in Ohio and who—when taking the facts as the trial court determined them—"allowed officers at the scene of the accident to use the [previous Ohio] address to complete the accident report." Is service of the summons and complaint proper if sent to the address used in the report, even though the individual was a resident of Kentucky and was incarcerated in Kentucky at the time that service of the complaint was attempted? I dissent from the majority opinion because I would hold that, even if a presumption of proper service was created here, Parker effectively rebutted that presumption. Therefore, I would sustain Parker's second assignment of error and find the remaining assignments of error moot.

{¶33}  "Due process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183, 553 N.E.2d 650 (1990), citing *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). "The right to be heard before being

condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardship of a criminal conviction, is a principle basic to our society." *Id.*

**{¶34}** "Service of process is required to notify any interested parties of the pendency of an action and to afford them an opportunity to respond." *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.), citing *Akron–Canton Regional Airport Auth. v. Swinehart,* 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). A defendant must have notice of the pending action and notice of the allegations involved in that action. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 161, 464 N.E.2d 538 (1984).

**{¶35}** "A court does not acquire personal jurisdiction over a defendant unless and until the defendant is properly served with the complaint and summons or the defendant makes an appearance in the case." *Midland Funding, L.L.C. v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 10, citing *O'Donnell* at syllabus. "[A] judgment rendered without proper service or entry of appearance is a nullity and void." *O'Donnell* at 183.

**{¶36}** The plaintiff bears the burden of proper service. *Altman*, 2018-Ohio-4583, 123 N.E.2d 382, at ¶ 10, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 705 N.E.2d 408 (1st Dist.1997). "In those instances where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts the presumption with sufficient evidence of nonservice." *Id.*, citing *Emge.*

**{¶37}** "The presumption of proper service can be rebutted by 'demonstrating a procedural flaw in service: use of the wrong address, receipt by someone who is not a proper person, or untimely mailing or receipt.' " *Treasurer of Lucas Cty. v. Mt.*

13

*Airy Invests. Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 15, quoting *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 14. Here, Parker asserted that the complaint was served to an address in Ohio where he used to reside and where Parker's grandmother still lived. *See Altman* at ¶ 3. The complaint was sent via regular mail after certified mail service was returned unclaimed. *See* Civ.R. 4.1(A)(1)(a) and Civ.R. 4.6(D). To rebut the presumption that he was properly served at this address, Parker presented evidence that he was not only living in Kentucky at the time of service but was also incarcerated in Kentucky at the time that service was attempted via ordinary mail. Despite this evidence, the trial court found that Parker's evidence was insufficient to rebut the presumption of proper service.[1]

**{¶38}** The majority is correct that we review the trial court's judgment regarding the validity of service for an abuse of discretion. *Cherrier,* 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, at ¶ 13, citing *GGNSC Lima, L.L.C. v.*

---

[1] The majority purports that the trial court made an adverse credibility determination; however, the trial court's entry shows that the trial court was actually making a sufficiency determination. The court stated:

> After conducting a hearing and giving Parker an opportunity to present evidence, this Court is *still not persuaded that Parker's evidence is sufficient* to rebut the presumption of proper service. Parker's contention that Altman's counsel had an obligation to confirm Parker's address or determine if he was incarcerated before sending regular mail is not supported by law and would turn the Civil Rules on their head. The court finds as a matter of law that service was properly perfected by regular mail as contemplated by Civ.R. 4.6(D). The court finds the evidence or receipt is compelling and service of process was made in a manner reasonably calculated to appraise Parker of the action and afford him an opportunity to respond. *Even assuming Parker's testimony is true*, Parker failed to provide a forwarding address, failed to file for a Kentucky driver's license when he moved to Kentucky the preceding year, and then allowed officers at the scene of the accident to use the Lowry Avenue address to complete the accident report. The fact that Parker may have lived at a different undisclosed address or was otherwise incarcerated in another jurisdiction at the time regular mail was sent to the Lowry address are the result of Parker's own failings. Therefore, the motion is not well-taken and is DENIED.

(Emphasis added.) Nonetheless I address the majority's decision as written.

14

*LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 15. However, "[a] trial court abuses its discretion when, among other things, it 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' " *Id.*, citing *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶39} If the complaint had been sent to Parker's correct address and the only evidence in the record to rebut service was a self-serving affidavit or testimony from Parker, then the trial court would have been well within its discretion to disbelieve Parker that he did not receive service. *See Security Nat. Bank and Trust Co. v. Murphy*, 2d Dist. Clark No. 2552, 1989 Ohio App. LEXIS 2868, *4 (July 20, 1989) ("We conclude that if a defendant has only his self-serving testimony that he did not receive service of process, even though service of process was mailed, by ordinary mail, to him at his correct address, and was not returned, a trial court is not required to find that the presumption of service has been satisfactorily rebutted."). However, that is not what we have here. Parker provided documentary evidence, including a lease, to show that he was living in Kentucky in 1999 and provided documentary evidence that he was incarcerated in Kentucky as of May 21, 1999. More specifically, he provided the citation where he was arrested on May 21, 1999—which has the Ohio address marked out and the Kentucky address used—and provided a judgment and sentencing entry from a Kentucky court and an order from the Kentucky court granting "jail custody credit." This evidence shows that Parker was sentenced to confinement in the Kentucky Department of Corrections for a period of two years on October 5, 1999, and was granted 130 days jail custody credit as of September 27, 1999. Accordingly, the evidence presented reveals that Parker was incarcerated as of

15

his arrest date, on May 21, 1999, through the conclusion of his sentence. Ordinary mail service was sent to Parker at the Ohio address on May 27, 1999. Thus, Parker was incarcerated when service of the complaint was sent via regular mail and when the 28-day response period would have run had service been completed upon him. *See* Civ.R. 12(A).[2]

{¶40} The majority posits that the trial court was well within its right to "disbelieve" Parker and find that Parker received service despite being incarcerated in Kentucky because evidence was presented that he received mail from his wife while incarcerated and his father was present at the default hearing, which "indicate[s] that Parker knew of the litigation." But knowledge of the proceedings does not dispense with the necessity of service. *See Bank One Cincinnati v. Wells*, 1st Dist. Hamilton No. C-950279, 1996 Ohio App. LEXIS 4008, *8 (Sept.18, 1996), citing *Maryhew*, 11 Ohio St.3d at 157, 464 N.E.2d 538 ("Even if a defendant is actually aware of the filing of the suit, his or her inaction does not dispense with the necessity of service."); *Countrywide Home Loans Servicing, L.P. v. Davis*, 6th Dist. Huron No. H-15-009, 2016-Ohio-7421, ¶ 17, quoting *Maryhew* (" '[I]naction upon the part of a defendant, *even though he might be aware of the filing of the action, does not dispense with the need for service.*' " (Emphasis sic.)); *In re Burger*, 11th Dist. Portage Nos. 98-P-0120 and 98-P-0121, 2000 Ohio App. LEXIS 1437, *5 (Mar. 31, 2000), citing *Maryhew*.

{¶41} For the trial court to have found that Parker failed to rebut the presumption of proper service with evidence of nonservice, there must have been

---

[2] We note that, had Parker been incarcerated in Ohio, service upon him would have been dictated by Civ.R. 4.2(D), which requires "serving the individual."

16

some basis in the record for the trial court to have found that, despite being incarcerated, Parker did in fact receive service of the summons and complaint that was sent to the Ohio address. There is no such evidence in this case. Therefore, Parker sufficiently rebutted the presumption of proper service. Accordingly, I would reverse the decision of the trial court and grant Parker's motion to set aside the judgment as the judgment against him was void.

Please note:

    The court has recorded its entry on the date of the release of this opinion