[Cite as *GEICO Gen. Ins. Co. v. Falah*, 2025-Ohio-755.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | : | APPEAL NO. | C-240332 |
| | | TRIAL NO. | A-2300869 |
| | : | | |
| Plaintiff-Appellant, | | | |
| | : | | |
| and | : | *O P I N I O N* |
| | | | |
| WILLIAM BAILEY, | : | | |
| | | | |
| Plaintiff, | : | | |
| | | | |
| vs. | : | | |
| | | | |
| SALEH MOH D. FALAH, | : | | |
| | | | |
| Defendant-Appellee. | : | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 7, 2025

*Kreiner & Peters Co. LPA* and *Daran P. Kiefer*, for Plaintiff-Appellant,

*Muhammad Hamidullah*, for Defendant-Appellee.

**CROUSE, Judge.**

{¶1}    Plaintiff-appellant Geico General Insurance Company ("Geico") appeals from the trial court's entry granting defendant-appellee Saleh Moh D. Falah's Civ.R. 60(B) motion for relief from judgment, raising three assignments of error for our review. Geico argues that (1) the trial court erred in granting the Civ.R. 60(B) motion without having any evidence to support its decision, (2) the trial court erred in granting the Civ.R. 60(B) motion without making findings of fact explaining its application of the test set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), and (3) the trial court erred in finding excusable neglect on the facts of this case, where a party received service of the summons but failed to respond.

{¶2}    Following our review of the record, we hold (1) that there was evidence in the record, specifically Falah's affidavit, to support the trial court's decision, (2) that the trial court was not required to make findings of fact explaining its disposition of a Civ.R. 60(B) motion, and (3) that the trial court did not abuse its discretion in finding excusable neglect on the facts of this case. We accordingly affirm the trial court's judgment.

## I.  Factual and Procedural History

{¶3}    Geico filed a subrogation action against Falah in March of 2023, alleging that Falah negligently operated a motor vehicle and struck Geico's insured. Geico sought to be awarded $39,287.19 in damages, which it had paid for property damage to its insured's vehicle and for injuries suffered by its insured. Falah failed to file an answer, and on March 5, 2023, Geico filed a motion for a default judgment. The trial court granted that motion on June 8, 2023, awarding Geico the amount of damages requested in the complaint.

{¶4} Approximately nine months later Falah filed a Civ.R. 60(B) motion for relief from judgment, seeking relief pursuant to Civ.R. 60(B)(1) on grounds of "[m]istake, inadvertence, surprise or excusable neglect." The motion alleged that Falah had received service of the complaint but had not responded to the lawsuit because he had not been involved in the accident with Geico's insured and consequently thought that the lawsuit was a scam.

{¶5} Along with the motion, Falah filed an affidavit stating that, in March of 2023, Falah received a document by certified mail from the clerk of courts containing allegations that Falah had operated a vehicle that was involved in an automobile accident on November 24, 2021; that Falah believed the paperwork was a scam because he was not involved in any such collision; and that Falah had been involved in a different automobile accident in Kentucky in June of 2021 and his vehicle was inoperable at the time of accident involving Geico's insured. The affidavit further stated that Falah's daughter had contacted the attorney listed on the paperwork to explain that Falah's vehicle was not involved in the accident and to request more information, but that no response was received.

{¶6} According to the affidavit, Falah's vehicle had been towed from Kentucky to Ohio after the June 2021 accident and was "parked there for quite some time." Falah alleged that someone drove past his parked vehicle and took a picture, believing that it "was involved in some accident." The affidavit stated that Falah learned of the judgment against him when he received notice from the Bureau of Motor Vehicles on December 13, 2023, that his license was going to be suspended due to a judgment against him.

{¶7} The trial court held a hearing on Falah's motion for relief from judgment. No additional evidence was introduced at the hearing; rather, the trial court

3

asked a few questions of counsel and each made a brief statement. Falah's counsel reiterated Falah's position that Falah was not involved in an accident with Geico's insured, that Falah's vehicle had been disabled at the time of the accident, that Falah's daughter had communicated as much to Geico's counsel, and that Geico failed to provide "any sort of correspondence documenting what actually occurred." Counsel also stressed that Falah's motion for relief from judgment had been filed within a year of the default judgment being granted and that there was no causal connection between Falah and the accident with Geico's insured.

{¶8} The trial court asked Falah's counsel for documentation that Falah had been involved in an earlier automobile accident in Kentucky, but counsel stated that he had not brought that paperwork to court.

{¶9} Geico's counsel discussed the accident report from the earlier accident in Kentucky, stating that while the report showed that Falah's vehicle was involved in an accident, it did not reflect that the vehicle was towed from the scene or that it was disabled. Rather, counsel stated, the report indicated that the vehicle suffered very minor damage. Geico's counsel acknowledged that he had been contacted by Falah's daughter and stated, "I emailed them the photo my insured took of the vehicle involved that they tracked down using the license plate and gave them that vehicle identification of the license plate picture that they took so they knew how it was that we tied them to this accident."

{¶10} The trial court announced at the close of the hearing that it was setting aside the default judgment and granting Falah's motion for relief from judgment. The trial court issued an entry in accordance with its oral pronouncement, stating "for good cause shown Defendant's motion to set aside plaintiff's default judgment is hereby granted."

4

**{¶11}** Geico now appeals.

## II. Civ.R. 60(B)

**{¶12}** Geico has raised three assignments of error challenging the trial court's grant of Falah's Civ.R. 60(B) motion for relief from judgment. Before turning to the merits of these arguments, we find it helpful to discuss, generally, Civ.R. 60(B).

**{¶13}** Civ.R. 60(B) provides that a trial court may grant relief from judgment on any of the following grounds:

> (1) Mistake, inadvertence, surprise or excusable neglect;

> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

> (4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

> (5) Any other reason justifying relief from the judgment.

**{¶14}** To succeed on a Civ.R. 60(B) motion for relief from judgment, a movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec.*, 47 Ohio St.2d 146, at paragraph two of the syllabus; *accord Custom Pro Logistics, LLC v. Penn Logistics LLC*, 2022-Ohio-1774, ¶ 15 (1st Dist.).

**{¶15}** A trial court's ruling on a motion for relief from judgment is reviewed for an abuse of discretion. *Selective Ins. Co. of Am. v. Bronco Excavating, Inc.*, 2022-Ohio-3805, ¶ 7 (1st Dist.). "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Garry v. Borger*, 2023-Ohio-905, ¶ 14 (1st Dist.), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

**{¶16}** Here, Geico raises no challenge to the first and third elements of the *GTE* test regarding whether Falah has a meritorious defense and whether the motion was timely filed. Rather, Geico's arguments focus on the second element of the test, namely whether Falah was entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5). Geico also argues that the trial court erred in granting Falah's motion for relief from judgment without any supporting evidence and in failing to issue findings of fact setting forth its findings under the *GTE* test. We address each argument in turn.

### A. Lack of Evidentiary Support

**{¶17}** In its first assignment of error, Geico argues that the trial court abused its discretion in granting the Civ.R. 60(B) motion without any evidence to support the decision. It contends that "a trial court must have 'evidence' presented to support its conclusions when granting an Ohio Civ. Rule 60(B) motion."

**{¶18}** The record belies Geico's assertion because such evidence *was* presented to the trial court. Falah filed a sworn affidavit stating that he received notice of the lawsuit, that he believed the paperwork regarding the lawsuit was a "scam" because he had not been involved in the accident with Geico's insured, that his vehicle was otherwise inoperable at the time of the accident, and that his daughter contacted Geico's counsel with this information.

**{¶19}** Geico relies on *Bronco Excavating*, 2022-Ohio-3805 (1st Dist.), in

support of its argument that there was no evidence in the record to support the trial court's decision. Geico represents that the defendant in *Bronco Excavating* provided an affidavit in support of its motion for relief from judgment, but that it presented no other evidence at the hearing on the motion, and that this court reversed the trial court's grant of relief from judgment because the record contained no evidence to support the decision. Geico's representation of the facts of *Bronco Excavating* is not accurate. This court did reverse the trial court's judgment due to "the absence of any evidence in the record to support [defendant's] entitlement to relief." *Id.* at ¶ 16. But, contrary to Geico's representation, our opinion contains no indication that the defendant in *Bronco Excavating* filed an affidavit in support of its motion. Our opinion states that the defendant filed a motion for relief from judgment and describes the allegations set forth in the motion, but nowhere in the opinion is an affidavit referenced or does it state that an affidavit was filed in support of the motion. *Bronco Excavating*, accordingly, does not stand for the proposition that a sworn affidavit cannot constitute evidence in support of a motion for relief from judgment.

**{¶20}** The law is clear, in fact, that a sworn affidavit can provide evidentiary support for a motion for relief from judgment. *Fields Excavating, Inc. v. Welsh Elec. Co.*, 2005-Ohio-708, ¶ 8 (10th Dist.), quoting *Countrywide Home Loans v. Barclay*, 2004-Ohio-6359, ¶ 9 (10th Dist.) ("[I]n order to prevail on a motion for Civ.R. 60(B) relief, '[t]he movant must establish [the requirements of *GTE*] by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath.'" (Bracketed text in original.)); *see Kobayashi v. Harada*, 1981 Ohio App. LEXIS 11003, *3 (10th Dist. June 25, 1981) (holding that "[e]vidence supporting a motion to vacate a judgment or dismissal entry may be presented by affidavit" and that, where the only

7

evidence before the court were affidavits attached to both the motion to vacate and the responsive memorandum, the trial court had sufficient evidence before it to rule on the motion).

**{¶21}** Citing to *Coulson v. Coulson*, 5 Ohio St.3d 12 (1983), Geico argues that the trial court was required to take evidence at the hearing to assure the allegations in Falah's affidavit could be proven. In *Coulson*, the Ohio Supreme Court held that "'[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" *Id.* at 16, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist. 1974). But in *Coulson*, the appellant argued that the trial court abused its discretion by *holding* a hearing. The court held there was no abuse of discretion because "appellee's motion and supporting affidavit contained allegations of operative facts that would warrant relief under Civ. R. 60(B)." *Id.*

**{¶22}** In the case at hand, appellant argues that the trial court abused its discretion by *not holding* a hearing. But the trial court had evidence before it in the form of Falah's affidavit to support the motion for relief from judgment. Geico never filed a response to Falah's Civ.R. 60(B) motion or introduced any evidentiary materials refuting the affidavit.[1] At the hearing, Geico never requested to introduce its own evidence or to cross-examine Falah on the statements in his affidavit. This is unlike the situation in *Altman v. Parker*, 2018-Ohio-4583, ¶ 15 (1st Dist.), where the plaintiffs had requested a hearing so they could present evidence rebutting the assertions in the

---

[1] During oral arguments, Geico's appellate counsel stated, "I've actually stopped filing oppositions to 60(B) because nine times out of ten the courts will set them for hearing, and so rather than alert opposing counsel as to the arguments we're going to raise and have the court still set it for a hearing and give them the opportunity to prepare, to you know address what I'm going to argue, I'd rather show up and ask the questions of the opposing party on the record to get them on the stand."

defendant's affidavit. Under the circumstances in *Altman*, this court held that the trial court erred in granting a motion for relief from judgment without holding the requested evidentiary hearing to assess the credibility of the allegations in the defendant's affidavit. *Id.*

**{¶23}** Because the trial *granted* Falah's motion for relief from judgment without holding a hearing, this case is distinguishable from many of the prior cases in which this court has held that a trial court erred in ruling on a motion for relief from judgment absent an evidentiary hearing. *See id.*; *Infinity Broadcasting, Inc. v. Brewer,* 2003-Ohio-1022 (1st Dist.); *Fifth Third Bank v. Ricci*, 2021-Ohio-1648 (1st Dist.). In these prior cases, the trial court *denied* the motions for relief from judgment without holding an evidentiary hearing, and we found error in the trial courts' rejection of the defendants' self-serving affidavits without first holding a hearing to assess the credibility of the evidence in the affidavits. *Brewer* at ¶ 8-9; *Altma*n at ¶ 15; *Ricci* at ¶ 10-11. Here, unlike the determinations of the trial courts in our prior cases, the trial court clearly found the statements in Falah's affidavit to be credible, as it granted the motion for relief from judgment based on those statements.

**{¶24}** We hold that, on the facts of this case, where the record contained evidence in support of the motion for relief from judgment in the form of an affidavit, where the trial court did not question the credibility of the affidavit, and where the party opposing the motion failed to respond, failed to raise a challenge to the credibility of the statements in the affidavit, and failed to request the opportunity to present its own evidence, the trial court did not abuse its discretion in failing to take additional evidence before ruling on the motion. The first assignment of error is overruled.

### B. Failure to Issue Findings of Fact

**{¶25}** In its second assignment of error, Geico argues that the trial court abused its discretion in granting the Civ.R. 60(B) motion without making a finding that all three prongs of the *GTE* test were proven. It contends that "[a] trial court cannot simply grant the motion without setting forth findings of fact regarding the three *GTE* prongs."

**{¶26}** In support of this argument, Geico relies on *GEICO Indemn. Ins. Co. v. August*, 2021-Ohio-2118 (10th Dist.). *August* involved an appeal from a trial court's entry granting a motion for relief from judgment. *Id.* at ¶ 1. The appellant argued that the trial court erred in granting the motion without making any findings pursuant to the test set forth in *GTE* by the Ohio Supreme Court. *Id.* at ¶ 8. The Tenth District held that the trial court erred in granting the motion on several different grounds. As relevant to this appeal, it stated, "We further observe that the trial court's entry fails to set forth any of the findings as required by the test established by *GTE Automatic Electric, Inc.* as discussed above. This also constitutes error on the part of the trial court." *Id.* at ¶ 15.

**{¶27}** Although the Tenth District held that a trial court must issue findings in accordance with the *GTE* test when granting a Civ.R. 60(B) motion, this court has reached the opposite conclusion. In *Custom Pro Logistics*, 2022-Ohio-1774 (1st Dist.), we rejected an argument that the trial court abused its discretion in denying a Civ.R. 60(B) motion for relief from judgment without providing a rationale for its decision. *Id.* at ¶ 22. We held that a trial court is not required to "issue findings of fact and conclusions of law or otherwise explain its reasons for its disposition of a Civ.R. 60(B) motion, particularly when a party has not made such a request pursuant to Civ.R. 52." (Cleaned up.) *Id.*, quoting *CitiMortgage, Inc. v. Dudek*, 2012-Ohio-899, ¶ 10 (9th

Dist.); *accord Carlson v. City of Cincinnati*, 2024-Ohio-591, ¶ 21 (1st Dist.).

**{¶28}** Here, Geico made no request for the trial court to issue findings of fact and conclusions of law. We follow *Custom Pro Logistics* and *Carlson* and hold that the trial court did not abuse its discretion in failing to issue findings of fact in accordance with the *GTE* test, particularly where no such request was made by a party pursuant to the Rules of Civil Procedure. The second assignment of error is overruled.

### C. Excusable Neglect

**{¶29}** In its third assignment of error, Geico argues that the trial court abused its discretion in granting Falah's Civ.R. 60(B) motion where Falah failed to establish excusable neglect. It argues that excusable neglect is not present where a party receives service of the summons but fails to respond or seek legal advice.

**{¶30}** Whether excusable neglect is present depends on the individual facts and circumstances of a case. *Engelhart v. Bluett*, 2016-Ohio-7237, ¶ 18 (1st Dist.). "Courts have defined excusable neglect in the negative, stating that a defendant's inaction is not excusable neglect when it shows a complete disregard for the judicial system or it[] falls substantially below what is reasonable under the circumstances." *Id.* Neglect will be considered inexcusable where it results from a movant's own willful disregard of court processes, carelessness, or lack of attention, rather than from an accident or interference that was unexpected or unavoidable. *Custom Pro Logistics*, 2022-Ohio-1774, at ¶ 17 (1st Dist.), citing *Treasurer of Lucas Cty. v. Mt. Airy Invests. Ltd.*, 2019-Ohio-3932, ¶ 26 (6th Dist.).

**{¶31}** Geico argues that where Falah admittedly received service of the complaint, but nonetheless failed to respond because he believed it was a scam, his confusion and legal inexperience did not excuse his failure to respond or seek legal advice and did not constitute excusable neglect. Geico's contention that a pro se

litigant's lack of knowledge of the legal system does not excuse a failure to respond is, generally speaking, accurate. *See Globe Am. Cas. Co. v. Lindsay*, 2001 Ohio App. LEXIS 4404, *6-8 (10th Dist. Sept. 28, 2001) (declining to find excusable neglect where defendant acknowledged receipt of a summons and complaint, but failed to timely respond because he, as a lay person, was confused about the timing referenced in the case schedule and did not understand when a response had to be filed); *N. Orange Homeowners Assn. v. Suarez*, 2019-Ohio-4416, ¶ 45 (5th Dist.) ("Civil Rule 60(B) is not intended to afford pro se litigants relief from mistakes from the lack of legal counsel or from a pro se litigant's unfamiliarity with the legal system, confusion, or misunderstanding of the law."). In *Susany v. DiBlasio*, 2017-Ohio-729, ¶ 10-12 (7th Dist.), the court held that incorrect legal advice and inexperience with the legal system do not excuse neglect. But it also found that the motion for a default judgment had been served on the appellant. *Id.* at ¶ 13.

**{¶32}** In the case at bar, the motion for a default judgment was not served on Falah. While lack of notice was not argued in this case, and while we do not hold on these facts that plaintiff's counsel was required to serve Falah pursuant to Civ.R. 55(A),[2] we do hold that Falah's daughter's contact with counsel is an important consideration that distinguishes this case from the cases that have held that unfamiliarity with the legal system does not amount to excusable neglect.

---

[2] This court has held that calling opposing counsel to defend the suit may be enough to constitute an appearance and require service of the application for a default judgment under Civ.R. 55(A). *See Hoffman v. Hoffman*, 2018-Ohio-3029, ¶ 8-9 (1st Dist.) (holding that a party "appeared" and demonstrated an intent to defend the action where the party called opposing counsel and requested an extension of deadlines). *See also Baines v. Harwood*, 87 Ohio App.3d 345, 347 (12th Dist. 1993) (defendant's phone call to plaintiff's counsel requesting additional time to discuss the matter with a codefendant and to put together a settlement conference constituted an "appearance"). *But see Mueller v. Hammann*, 2013-Ohio-5098, ¶ 3, 9-10 (1st Dist.) (a phone call from an attorney that defendant was considering retaining, but ultimately did not retain, to plaintiff's counsel asking if plaintiff would agree to an extension of time for defendant to respond to the complaint did not constitute an appearance or express an intent to defend the lawsuit).

**{¶33}** Falah is not simply arguing that he failed to respond to the complaint because he was unfamiliar with the legal system. Rather, Falah contends that his daughter contacted plaintiff's counsel on his behalf, denied his involvement in the accident, and asserted that he had been incorrectly identified as the defendant. At the hearing on the Civ.R. 60(B) motion, plaintiff's counsel acknowledged being contacted by Falah's daughter. Falah contends that because he was not involved in the accident and received no further information from counsel after his daughter reached out to counsel, he believed the complaint to be a scam.

**{¶34}** On this record, given the deferential standard of review that we must apply, we can find no abuse of discretion in the trial court's determination that Falah's conduct constituted excusable neglect. Given that Falah communicated that he had not been involved in the accident with Geico's insured, and that the lack of a response to his communication did nothing to assuage his belief that the complaint was a scam, we cannot say that the trial court abused its discretion in determining that Falah did not show a "complete disregard for the judicial system" or that his behavior did not "fall[] substantially below what is reasonable under the circumstances" and in finding the presence of excusable neglect. *See Engelhart*, 2016-Ohio-7237, at ¶ 18 (1st Dist.). While this court may have reached a different result under a de novo review, there was nothing "unreasonable, arbitrary, or unconscionable" about the trial court's decision. *See Garry*, 2023-Ohio-905, at ¶ 14 (1st Dist.), citing *Berk*, 53 Ohio St.3d at 169.

**{¶35}** The third assignment of error is overruled.

### III. Conclusion

**{¶36}** Having overruled Geico's assignments of error, we accordingly affirm the trial court's judgment granting Falah's Civ.R. 60(B) motion for relief from judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.